FILED
United States Court of Appeals
Tenth Circuit

February 21, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

v.

TRENT S. HIX,

       Defendant - Appellant.

No. 11-1309
(D.C. No. 1:11-CR-00065-MSK-1)
D. Colorado

**ORDER AND JUDGMENT**[*]

Before **BRISCOE,** Chief Judge, **MURPHY**, and **MATHESON**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

## I.    Introduction

Appellant Trent S. Hix was charged with three counts of bank robbery, in violation of 18 U.S.C. § 2113(a). Hix pleaded guilty to all three counts. The

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

district court sentenced him to fifty-seven months' imprisonment, the low end of the advisory guidelines range. Hix appeals his sentence, arguing first that the district court erred by adding three points to his offense level calculation based on the court's conclusion he brandished a dangerous weapon during one of the robberies. He also challenges the substantive reasonableness of his within-Guidelines sentence. Exercising jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we **affirm** Hix's sentence.

## II.    Background

Hix was arrested in 2011 after he committed a series of bank robberies in Colorado. He pleaded guilty to three counts of bank robbery, in violation of 18 U.S.C. § 2113(a). At the change of plea hearing, Hix admitted committing all three robberies and admitted he presented each of the three tellers with a note reading, "I have a gun. Give me [money] and you will not be hurt. Do not come after me." Hix also admitted that during one robbery, he showed the teller what appeared to be a handgun. The parties agreed, however, that it was actually a toy gun.

The district court accepted Hix's guilty plea and the United States Probation Office prepared a Presentence Investigation Report ("PSR"). The total offense level for Count One was calculated at twenty-five. This included a two-level increase under USSG § 2B3.1(b)(1) because property was taken from a financial institution and a three-level increase under USSG § 2B3.1(b)(2)(E)

because Hix brandished a dangerous weapon during the robbery. After grouping the other two offenses and applying a three-level reduction under USSG § 3E1.1 for acceptance of responsibility, the PSR arrived at a total offense level of twenty-five. Hix's criminal history score of zero placed him in Criminal History Category I. Based on the criminal history category and total offense level, the PSR calculated an advisory guidelines range of fifty-seven to seventy-one months' imprisonment.

Hix did not object to the calculation of the advisory guidelines range but he filed a motion requesting a downward variance from that range, arguing a variance was appropriate based, *inter alia*, on his personal history, the nature and circumstances of the offense of conviction, and the need to afford adequate deterrence. *See* 18 U.S.C. § 3553(a). Specifically, Hix asserted he grew up in a poor family and witnessed his father verbally and physically abuse his mother. He and his mother moved to Colorado after his parents divorced but they continued to struggle financially. Hix's financial situation deteriorated further after he was diagnosed with lymphoma. The stress of his financial situation caused Hix to begin abusing alcohol and his excessive drinking contributed to his decision to pay his mounting debts and living expenses by robbing banks. Hix also argued he was unlikely to re-offend because of his status as a first-time offender and his fear of incarceration based on the physical mistreatment he suffered at the hands of other inmates at the Federal Detention Center.

At the sentencing hearing, the district court heard argument on Hix's motion but denied his request for a variant sentence, stating:

> Looking at the nature and circumstances of the offense, I see three robberies where the tellers who were confronted were threatened with danger to their life or their physical safety. I see small amounts that were recovered by the defendant over an exceedingly long period of time. I see a defendant who has a tragic childhood history and has suffered from many kinds of physical illnesses. But none of those justify what he did.

The court sentenced Hix to fifty-seven months' imprisonment, the low end of the advisory guidelines range. Hix then filed this appeal.

## III. Discussion

### A. Procedural Reasonableness

Hix first argues his sentence is procedurally unreasonable because the district court erred when it calculated his advisory guidelines range. Specifically, Hix asserts the court should not have applied the three-level "dangerous weapon" enhancement under USSG § 2B3.1(b)(2) because he brandished a toy gun, which he argues is not a dangerous weapon. Generally, this court evaluates a sentence for procedural reasonableness by "review[ing] the district court's legal conclusions regarding the Guidelines *de novo* and its factual findings for clear error." *United States v. Munoz-Nava*, 524 F.3d 1137, 1146 (10th Cir. 2008). Because Hix did not contemporaneously raise this alleged procedural error during the sentencing hearing, however, we review his claim for plain error. *United States v. Ruiz-Terrazas*, 477 F.3d 1196, 1199 (10th Cir. 2007).

This court has previously held that a toy gun qualifies as a dangerous weapon for purposes of § 2B3.1(b)(2). *United States v. Pool*, 937 F.2d 1528, 1530-31 & 1531 n.1 (10th Cir. 1991); *Cf. United States v. Farrow*, 277 F.3d 1260, 1267-68 (10th Cir. 2002) (holding that a concealed hand can be an "object" for purposes of the definition of the term "dangerous weapon" as used in § 2B3.1(b)(2) because "even the perception of a dangerous weapon has the potential to add significantly to the danger of injury or death"). Hix acknowledges his argument is foreclosed by this court's precedent but advises the court he has raised the issue in this appeal to preserve it for further review. We agree with Hix that our precedent forecloses his argument and, thus, he cannot meet his burden of showing plain error in the calculation of his advisory guidelines range. *See United States v. Edward J.*, 224 F.3d 1216, 1220 (10th Cir. 2000) ("Under the doctrine of stare decisis, this panel cannot overturn the decision of another panel of this court barring en banc reconsideration, a superseding contrary Supreme Court decision, or authorization of all currently active judges on the court." (quotation omitted)).

*B. Substantive Reasonableness*

Hix also argues his sentence is substantively unreasonable. This court applies a highly deferential abuse of discretion standard to claims of substantive unreasonableness. *United States v. Reyes-Alfonso*, 653 F.3d 1137, 1144 (10th Cir. 2011). We will reverse a sentence only if it is "arbitrary, capricious, whimsical,

-5-

or manifestly unreasonable." *United States v. Haley*, 529 F.3d 1308, 1311 (10th Cir. 2008). "The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall v. United States*, 552 U.S. 38, 51 (2007). Hix faces a high burden on appeal because his sentence fell within a properly calculated advisory guidelines range and, thus, we presume it to be reasonable. *United States v. Kristl*, 437 F.3d 1050, 1054 (10th Cir. 2006). To rebut this presumption, Hix must show his "sentence is unreasonable when viewed against the other factors delineated in [18 U.S.C.] § 3553(a)." *Id.*

Hix argues his sentence is manifestly unreasonable because the district court disregarded all the facts he offered to explain the circumstances surrounding the offense of conviction and his personal history and characteristics. Specifically, he alleges the court did not afford any weight to his arguments that he (1) stole only small amounts of money and did so only when he reached the point of desperation, (2) he and his mother lived in increasing poverty and he committed the robberies to pay medical bills and living expenses, and (3) he is unlikely to re-offend because of the physical and sexual assault he suffered while incarcerated. The district court, instead, placed more weight on the fact that Hix threatened the three tellers, placing them in fear for their lives.

The record confirms the district court fully considered all the facts Hix references. Analyzing those facts within the context of § 3553(a), and weighing

them against the fact Hix made deadly threats during the three robberies, the court concluded they did not justify a variant sentence. There was nothing manifestly unreasonable about the district court's conclusion.

## IV. Conclusion

The sentence imposed by the district court is **affirmed**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge