**PUBLISH**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

 Plaintiff-Appellee,

v.

DANIEL REYES-ALFONSO,

 Defendant-Appellant.

No. 10-2091

Appeal from the United States District Court
for the District of New Mexico
(D.C. No. 09-CR-2992 JAP)

Andre C. Poissant, Assistant Federal Public Defender, Las Cruces, NM, for Defendant-Appellant Daniel Reyes-Alfonso.

Terri J. Abernathy, Assistant United States Attorney, Las Cruces NM (on the brief Kenneth J. Gonzales, United States Attorney, Michael Nammar, Assistant United States Attorney, Las Cruces, NM), for Plaintiff-Appellee United States of America.

Before **BRISCOE,** Chief Judge, **EBEL,** and **MURPHY,** Circuit Judges.

**EBEL**, Circuit Judge.

Defendant–Appellant Daniel Reyes-Alfonso pled guilty to one count of illegal reentry after deportation in violation of 8 U.S.C. § 1326. Using the 2009 United States Sentencing Guidelines, the district court calculated an advisory guideline imprisonment range of forty-six to fifty-seven months. Then, the district court imposed a sentence at the bottom of that range: forty-six months' imprisonment. Reyes-Alfonso now appeals, arguing that his prior conviction in Colorado for Sexual Contact–No Consent is not a forcible sex offense, which triggers the sixteen-level crime of violence enhancement under U.S.S.G. § 2L1.2. Reyes-Alfonso also argues that the sentence imposed by the district court is both procedurally and substantively unreasonable. We conclude that Reyes-Alfonso's conviction for Sexual Contact–No Consent is a forcible sex offense under U.S.S.G. § 2L1.2. Further, we conclude that the district court did not abuse its discretion by imposing a sentence of forty-six months' imprisonment. Therefore, exercising jurisdiction pursuant to 18 U.S.C. § 3742(a)(1) and 28 U.S.C. § 1291, we AFFIRM.

## I. BACKGROUND

Defendant–Appellant Daniel Reyes-Alfonso was born in Las Avejas, Veracruz, Mexico in 1980. He resided in Aurora, Colorado beginning in 1987. In late 2008, he was arrested for having sexual intercourse with a fourteen-year-old girl. Reyes-Alfonso pled guilty in June of 2009 to one count of Sexual Contact–No Consent in violation of Colo. Rev. Stat. § 18-3-404(1)(a) (2009). The state court sentenced Reyes-Alfonso to

nine months' imprisonment, and he was deported upon his release on September 23, 2009.

On September 28, 2009, only five days after being deported, Reyes-Alfonso illegally reentered the United States. U.S. Border Patrol agents arrested Reyes-Alfonso, among others, after stopping the vehicle in which he was traveling near Hachita, New Mexico. Reyes-Alfonso admitted to being a citizen of Mexico who was in the United States illegally.

Reyes-Alfonso pled guilty to an information charging him with reentering the United States after having been deported, in violation of 8 U.S.C. § 1326, without the benefit of a plea agreement. The Probation Office prepared a presentence report (PSR), which calculated an advisory guideline range of forty-six to fifty-seven months' imprisonment based on an offense level of twenty-one and a criminal history category of III.

The probation officer calculated the offense level in the PSR as follows: The base offense level was eight. See U.S.S.G. § 2L1.2(a) (2009). Then, the Probation Officer added a sixteen-level enhancement because Reyes-Alfonso had previously been deported after conviction of a crime of violence. See U.S.S.G. § 2L1.2(b)(1)(A)(ii). The conviction relied upon by the court was Reyes-Alfonso's previous Sexual Contact–No Consent conviction. See Colo. Rev. Stat. § 18-3-404(1). Finally, the Probation Officer applied a three-level reduction for acceptance of responsibility. See U.S.S.G. § 3E1.1. That resulted in a total offense level of twenty-one.

3

The Probation Officer determined that Reyes-Alfonso's criminal history category was III based on two countable prior convictions. The first countable conviction was for gambling with a minor, and the second was the conviction for Sexual Contact–No Consent described above. The Probation Officer added two criminal history points because Reyes-Alfonso committed the reentry offense within two years of his release from custody. See U.S.S.G. § 4A1.1(e). Consequently, Reyes-Alfonso had five criminal history points, which yielded a criminal history category of III. Reyes-Alfonso also had five other noncountable convictions, including possession of a financial transaction device, careless driving, driving without insurance, and driving without a seatbelt.

Reyes-Alfonso filed a sentencing memorandum below arguing that his Colorado conviction for sexual contact was not a crime of violence. He contended that this Court's decision in United States v. Romero-Hernandez, 505 F.3d 1082 (10th Cir. 2007), which had held that a conviction under this precise Colorado statute for Sexual Contact–No Consent was a crime of violence under U.S.S.G. § 2L1.2, was no longer good law. Reyes-Alfonso also argued that his criminal history category overrepresented the seriousness of his criminal history and asked the district court for a downward variance or departure based on the 18 U.S.C. § 3553(a) factors. The Government maintained that the conviction under Colorado law for Sexual Contact–No Consent was a forcible sex offense according to Romero-Hernandez and that Reyes-Alfonso's criminal history correctly reflected his repeated disregard for the criminal justice system. Therefore, the Government concluded that neither a downward departure nor a variance was warranted

4

and asked the district court to impose a sentence at the bottom of the advisory guideline range.

When Reyes-Alfonso appeared before the district court for sentencing, the court indicated that it had reviewed the sentencing memorandum and that, pursuant to Romero-Hernandez, the previous Colorado conviction for Sexual Contact–No Consent was a crime of violence, which triggered the sixteen-level enhancement. The court then heard argument from both parties concerning Reyes-Alfonso's request for a downward departure or variance. The court ruled as follows:

> I think [the Government is] probably right, and that a sentence at the bottom of the guideline range of 46 months is the sentence that is sufficient but not greater than necessary to meet all of the requirements of Section 3553(a) of 18 United States Code.
>
> I'm also to take into account 18 United States Code Section 3553(b). Even though the guidelines are no longer mandatory, the statute does require that I consider the sentencing guidelines, and in doing so, I think that the guideline range in this case is consistent with the principles of 3553(a). So I'll impose a sentence at the bottom of the guideline range.

(Aplt. App. vol. III, at 7.) The district court imposed a sentence of forty-six months' imprisonment.

## II.  DISCUSSION

### A.  Crime of Violence Enhancement

"Whether a prior offense is a 'crime of violence' under U.S.S.G. § 2L1.2(b) is a question of law that we . . . review de novo." United States v. Rivera-Oros, 590 F.3d 1123, 1125 (10th Cir. 2009). "In interpreting a guideline, we look at the language in the

5

guideline itself, as well as the interpretative and explanatory commentary to the guideline provided by the Sentencing Commission." United States v. Torres-Ruiz, 387 F.3d 1179, 1181 (10th Cir. 2004) (internal quotation marks omitted).

The 2009 Sentencing Guidelines, under which the district court sentenced Reyes-Alfonso, impose a sixteen-level enhancement to the base offense level if an alien "was deported, or unlawfully remained in the United States, after . . . a conviction for a felony that is . . . a crime of violence." U.S.S.G. § 2L1.2(b)(1)(A)(ii). The application notes to § 2L1.2 define a "crime of violence" as the following:

> [M]urder, manslaughter, kidnapping, aggravated assault, forcible sex offenses (including where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced), statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.

U.S.S.G. § 2L1.2, cmt. n.1(B)(iii) (emphasis added). Therefore, a previous crime can be considered a crime of violence if it either fits one of the enumerated offenses listed or if it fits the generic definition ("any other offense under federal, statute, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another"). In this case, we must determine whether Reyes-Alfonso's previous conviction under Colo. Rev. Stat. § 18-3-404(1) for Sexual Contact–No Consent fits one of the enumerated offenses, more particularly whether it is a forcible sex offense.

6

"When a defendant contests whether a prior conviction is a crime of violence, the sentencing court is generally required to follow the 'categorical approach' as adopted in Taylor v. United States, 495 U.S. 575, 600 . . . (1990)." Romero-Hernandez, 505 F.3d at 1085. "The categorical approach requires the sentencing court to look only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions." Id. at 1085–86 (internal quotation marks omitted).

This Court has previously concluded that "the particular section of the Colorado statute at issue [Colo. Rev. Stat. § 18-3-404(1)] prohibits conduct that is categorically a crime of violence under § 2L1.2." Id. at 1086. As noted, both Reyes-Alfonso and the defendant in Romero-Hernandez were convicted under Colo. Rev. Stat. § 18-3-404(1), which provides the following:

> Any actor who knowingly subjects a victim to any sexual contact commits unlawful sexual contact if:
>
> (a) The actor knows that the victim does not consent; or
>
> (b) The actor knows that the victim is incapable of appraising the nature of the victim's conduct; or
>
> (c) The victim is physically helpless and the actor knows that the victim is physically helpless and the victim has not consented; or
>
> (d) The actor has substantially impaired the victim's power to appraise or control the victim's conduct by employing, without the victim's consent, any drug, intoxicant, or other means for the purpose of causing submission; or
>
> (e) Repealed by Laws 1990, H.B.90-1133, § 25, eff. July 1, 1990.

(f) The victim is in custody of law or detained in a hospital or other institution and the actor has supervisory or disciplinary authority over the victim and uses this position of authority, unless incident to a lawful search, to coerce the victim to submit; or

(g) The actor engages in treatment or examination of a victim for other than bona fide medical purposes or in a manner substantially inconsistent with reasonable medical practices.

Colo. Rev. Stat. § 18-3-404(1). In Romero-Hernandez, this Court determined that a conviction under that statute for unlawful nonconsensual sexual contact amounted to a forcible sex offense and, therefore, was a crime of violence under § 2L1.2. 505 F.3d at 1089. Because the 2004 Guidelines, which were at issue in Romero-Hernandez, did not contain the commentary defining the term "forcible sex offense," the Court looked to the "ordinary, contemporary, and common meanings of the words used." Id. at 1087 (internal quotation marks omitted). We then concluded that a forcible sex offense does not require physical compulsion for two reasons. Id. at 1088. "First, as Black's [Law Dictionary] explains in the context of a personal trespass, unlawful contact with another person is a forcible injury: 'To lay one's finger on another person without lawful justification is as much a forcible injury in the eye of the law . . . as to beat him with a stick.'" Id. (quoting Black's Law Dictionary 674 (8th ed. 2004)). "Second, the word 'force' does not necessarily connote the use of physical compulsion." Id. Force can result from a disparity in size between a victim and assailant or from a disparity in coercive power. "Thus, where one party has sufficient control of a situation to overcome . . . another's free will, force is present." Id. So this Court concluded that

8

"[w]hen an offense involves sexual contact with another person, it is necessarily forcible when that person does not consent." Id. at 1089.

Since this Court's decision in Romero-Hernandez, subsequent amendments to the Sentencing Guidelines clarified the meaning of the term "forcible sex offense." As of November 1, 2008, the Sentencing Commission revised the definition of "crime of violence" to include the following language: "'Crime of violence' means . . . forcible sex offenses (including where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced) . . . ." U.S.S.G. § 2L1.2 cmt. n.1(B)(iii) (2008). The Sentencing Commission explained the reason for this amendment as follows:

> [T]he amendment clarifies the scope of the term "forcible sex offense" as that term is used in the definition of "crime of violence" in § 2L1.2, Application Note 1(B)(iii). The amendment provides that the term "forcible sex offense" includes crimes "where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced." The amendment makes clear that forcible sex offenses, like all offenses enumerated in Application Note 1(b)(iii), are always classified as crimes of violence, regardless of whether the prior offense expressly has as an element the use, attempted use, or threatened use of physical force against the person of another . . . .

U.S.S.G. App. C, amend. 722 (internal quotation marks omitted) (emphasis added). Thus, based on this Court's decision in Romero-Hernandez and subsequent commentary of the Sentencing Commission, a conviction for the Colorado offense of Sexual Contact–No Consent is a crime of violence under U.S.S.G. § 2L1.2 unless superseding contrary Supreme Court precedent exists. See In re Smith, 10 F.3d 723, 724 (10th Cir. 1993) (per

9

curiam) ("We are bound by the precedent of prior panels absent en banc reconsideration or a superseding contrary decision by the Supreme Court.").

Reyes-Alfonso contends that two Supreme Court decisions provide superseding contrary precedent. First, Reyes-Alfonso points to Begay v. United States, in which the Supreme Court held that the term "violent felony" as used in the Armed Career Criminal Act, did not encompass a conviction for driving under the influence. 553 U.S. 137, 139 (2008). The Armed Career Criminal Act defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that

> (i)    has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii)    is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . .

18 U.S.C. § 924(e)(2)(B) (2000). Similar to § 2L1.2, a prior crime can be considered a violent felony under the ACCA if it fits either the first clause, which we will refer to again as the generic definition, or the second clause, which enumerates certain offenses. In Begay, the Supreme Court addressed whether a conviction for driving under the influence fell under the second clause and concluded that it did not. That is easily distinguishable from this case because the second clause of the Armed Career Criminal Act enumerates different offenses than does § 2L1.2. Importantly, the second clause of the Armed Career Criminal Act does not mention forcible sex offenses, which is what we

10

are addressing in this case. <u>Begay</u> thus deals not only with a completely different text, but it also does not involve a sex offense.

Second, Reyes-Alfonso points to <u>Johnson v. United States</u>, in which the Supreme Court held that the phrase "physical force," as used in the first clause of the Armed Career Criminal Act's generic definition of violent felony, requires "force capable of causing physical pain or injury to another person." 130 S. Ct. 1265, 1271 (2010). But <u>Johnson</u> similarly does not undermine this Court's holding in <u>Romero-Hernandez</u>. Again, <u>Johnson</u> involves the Armed Career Criminal Act and not § 2L1.2. Further, it does not involve a prior sexual crime conviction at all. While the generic definitions in the Armed Career Criminal Act and § 2L1.2 may be similar to each other, the generic definition in § 2L1.2 does not apply in this case. Rather, we are guided by the specific and concise definition offered in comment n.1(B)(iii) to § 2L1.2. The question here is whether Reyes-Alfonso's conviction for Sexual Contact–No Consent amounts to a forcible sex offense as defined in that comment note, and that term does not reference physical force. In fact, this Court relied on the absence of the word "physical" in the term "forcible sex offense" in its holding in <u>Romero-Hernandez</u>: "The application note specifically uses the word 'physical' to modify force in [the generic definition] denoting an offense committed by means of physical compulsion. . . . The Sentencing Commission's omission of the 'physical' modifier from the term 'forcible sex offense' indicates that the word 'forcible' must mean more than physical compulsion." 505 F.3d at 1088. Because the holding in <u>Johnson</u> rested on the Court's interpretation of the word

11

"physical" in the Armed Career Criminal Act's definition of "violent felony," it does not undermine this Court's decision in Romero-Hernandez. Therefore, we affirm the district court's application of the sixteen-level enhancement under U.S.S.G. § 2L1.2.

## B. Reasonableness

Next Reyes-Alfonso complains that his sentence is procedurally and substantively unreasonable, prompting a deferential abuse of discretion standard. United States v. Smart¸ 518 F.3d 800, 802 (10th Cir. 2008).

### 1. Procedural reasonableness

"Procedural reasonableness addresses whether the district court incorrectly calculated or failed to calculate the Guidelines sentence, treated the Guidelines as mandatory, failed to consider the § 3553(a) factors, relied on clearly erroneous facts, or failed to adequately explain the sentence." United States v. Huckins, 529 F.3d 1312, 1317 (10th Cir. 2008).

> [W]here a defendant has raised a nonfrivolous argument that the § 3553(a) factors warrant a below-Guideline sentence and has expressly requested such a sentence, we must be able to discern from the record that the sentencing judge did not rest on the guidelines alone, but considered whether the guidelines sentence actually conforms, in the circumstances, to the statutory factors.

United States v. Sanchez-Juarez, 446 F.3d 1109, 1117 (10th Cir. 2006) (internal quotation marks and alterations omitted). The district court need not address each argument separately on the record but must provide adequate explanation for the sentence

12

it eventually imposes.  United States v. Jarillo-Luna, 478 F.3d 1226, 1229–30 (10th Cir.

2007).

> [W]hen a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation.  Circumstances may well make clear that the judge rests his decision upon the Commission's own reasoning that the Guideline sentence is a proper sentence (in terms of § 3553(a) and other congressional mandates) in the typical case, and that the judge has found that the case before him is typical."

Rita v. United States, 551 U.S. 338, 356–57 (2007).

Reyes-Alfonso argues that his sentence is procedurally unreasonable because the

district court gave too much weight to the guidelines.  Reyes-Alfonso relies on a Second

Circuit case[1] to argue further that the district court committed procedural error by failing

to consider his policy-based request for a non-Guideline sentence based in part on the

double-counting of the single conviction in both his criminal history and offense level.

But the transcript of the sentencing hearing reveals that the district court

considered Reyes-Alfonso's request for a below-Guideline sentence but rejected that

request.  After hearing arguments from both sides on the request for a variance, the court

determined "that a sentence at the bottom of the guideline range of 46 months is the

sentence that is sufficient but not greater than necessary to meet all of the requirements of

Section 3553(a) of 18 United States Code."  (Aplt. App. vol. III, at 7.)  Further, the

---

[1] United States v. Tutty, 612 F.3d 128, 131 (2nd Cir. 2010) (holding that a district court erred "when it concluded that it could not consider a broad, policy-based challenge to the child pornography [Sentencing] Guidelines").

13

district court recognized that the "guidelines are no longer mandatory," which shows that it did not give too much weight to the guidelines. (Id.) Instead, the district court rested its decision upon the Commission's reasoning that a sentence within the Guidelines is a proper sentence in the typical case and Reyes-Alfonso's case was typical. Therefore, Reyes-Alfonso's sentence is not procedurally unreasonable.

## 2. Substantive reasonableness

"[S]ubstantive reasonableness addresses whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." Huckins, 529 F.3d at 1317 (internal quotation marks omitted). "[I]n many cases there will be a range of possible outcomes the facts and law at issue can fairly support; rather than pick and choose among them ourselves, we will defer to the district court's judgment so long as it falls within the realm of these rationally available choices." United States v. McComb, 519 F.3d 1049, 1053 (10th Cir. 2007). On appeal we presume a sentence within the properly calculated guideline range to be substantively reasonable. United States v. Kristl, 437 F.3d 1050, 1055 (10th Cir. 2006). "The defendant may rebut this presumption by demonstrating that the sentence is unreasonable in light of the other sentencing factors laid out in § 3553(a)." Id.

Reyes-Alfonso argues that his within-Guideline sentence is substantively unreasonable because his criminal history category overrepresented the seriousness of his criminal history and the sentence is greater than necessary to comply with the statutory purposes of sentencing. But the district court concluded that the Government was

14

"probably right" when it stated that Reyes-Alfonso's criminal history and his illegal reentry shortly after deportation showed a pattern of criminal conduct and lack of respect for the law. And the record supports that conclusion. Only two prior convictions were counted towards Reyes-Alfonso's criminal history: a conviction for gambling with a minor and the serious offense of sexual contact. But Reyes-Alfonso also had five other noncountable convictions. Further, Reyes-Alfonso committed the instant offense only five days after being deported, which shows a repeated and flagrant disregard for the law. We defer to the district court's judgment as long as it falls within the realm of rationally available choices, and we cannot say that the district court's determination that Reyes-Alfonso's criminal history category did not overrepresent his criminal history falls outside that realm. Therefore, Reyes-Alfonso failed to rebut the presumption that his within-Guideline sentence is substantively reasonable. Thus, the district court did not abuse its discretion by imposing a sentence of forty-six months' imprisonment.

### III. CONCLUSION

For the foregoing reasons, we AFFIRM the district court's sentence.