FILED
United States Court of Appeals
Tenth Circuit

October 3, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

NICOLAS COBOS-CHACHAS,

Defendant-Appellant.

No. 10-1528
(D.C. No. 1:10-CR-00207-REB-1)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, Circuit Judge, **HOLLOWAY** and **PORFILIO**, Senior Circuit Judges.

Nicolas Cobos-Chachas, a citizen of Mexico, pleaded guilty to unlawfully reentering the United States after deportation. At sentencing, the district court varied downward from the advisory guidelines range and sentenced him to thirty-eight months' imprisonment, which was three months below the bottom of the advisory guideline range. Mr. Cobos-Chachas challenges the length of his

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

sentence as substantively unreasonable in light of the sentencing factors listed in 18 U.S.C. § 3553(a). Exercising jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we affirm.

## I.

In 2006, Mr. Cobos-Chachas was apprehended while driving undocumented co-workers to a job-site. He pleaded guilty to transporting an illegal alien in violation of 8 U.S.C. § 1324(a)(1)(A)(ii), (B)(ii), an offense classified as an aggravated felony, *see United States v. Martinez-Candejas*, 347 F.3d 853, 857 (10th Cir. 2003). For the offense, he was sentenced to time served and deported to Mexico.

Mr. Cobos-Chachas returned to this country in September 2007. Upon his arrest and detention for a traffic offense in March 2010, he admitted to an immigration agent that he had entered the United States after being deported. He was charged with unlawfully reentering the United States after deportation for conviction of an aggravated felony, in violation of 8 U.S.C. § 1326(a), (b)(2). He entered a plea of guilty in exchange for the government's agreement to recommend a sentence within the advisory guideline range.

A probation officer prepared a presentence report calculating Mr. Cobos-Chachas' sentence under the applicable United States Sentencing Guidelines. His probation officer determined that the base offense level was eight. *See* U.S.S.G. § 2L1.2(a). Then, he added a sixteen-level enhancement

because Mr. Cobos-Chachas had previously been deported after conviction of an alien-smuggling offense. *See* U.S.S.G. § 2L1.2(b)(1)(A). Finally, the probation officer applied a three-level reduction for acceptance of responsibility. *See* U.S.S.G. § 3E1.1. The result was an adjusted offense level of twenty-one. Based on the offense level and a criminal history category of II, the advisory range was 41 to 51 months' imprisonment. The probation officer, however, recommended a variant sentence of 36 months primarily because Mr. Cobos-Chachas' criminal history was minimal compared to other defendants charged with similar offenses.

At the sentencing hearing, Mr. Cobos-Chachas requested a downward variant sentence because he had never been incarcerated for a significant length of time and he had family ties and business opportunities in Mexico. The prosecution asked for a sentence at the low end of the guideline range, but also suggested a possible justification for a variant sentence: the harshness of a sixteen-level enhancement where the prior transporting offense did not involve bringing illegal aliens across the border.

The district judge imposed a sentence of 38 months, commenting that a "sentence variance should be granted somewhat anomalously for the reasons suggested by the [prosecution]." R., Vol. 2 at 50. The sentence was three months below the low end of the advisory guidelines range and two months above the probation officer's recommendation. The district judge stated that he had reached

his determination after considering all the relevant information in light of the sentencing factors listed in 18 U.S.C. § 3553(a).

## II.

On appeal, Mr. Cobos-Chachas argues that his sentence is substantively unreasonable, "prompting a deferential abuse of discretion standard." *United States v. Reyes-Alfonso*, No. 10-2091, 2011 WL 3134683, at *6 (10th Cir. July 27, 2011). "Substantive reasonableness addresses whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." *Id.*, at *7 (alteration and internal quotation marks omitted). Often "there will be a range of possible outcomes the facts and law at issue can fairly support; rather than pick and choose among them ourselves, we will defer to the district court's judgment so long as it falls within the realm of these rationally available choices." *Id.* (internal quotation marks omitted).

In conducting our review, we presume that a below-guideline sentence is substantively reasonable. *United States v. Balbin-Mesa*, 643 F.3d 783, 788 (10th Cir. 2011). "The defendant may rebut this presumption by demonstrating that the sentence is unreasonable" under the § 3553(a) sentencing factors. *Reyes-Alfonso*, 2011 WL 3134683, at *7 (internal quotation marks omitted).

Mr. Cobos-Chachas argues that a proper consideration of the § 3553(a) sentencing factors ordains a shorter sentence. In his view, the "minor variance"

granted by the district judge "was not enough" because it does not acknowledge that his transporting conduct was relatively trivial in comparison to the more serious offenses that also trigger a sixteen-level enhancement. Aplt. Br. at 8, 9-12. Further, he states that he does not present a danger to the community and that a lesser sentence would provide adequate deterrence.

The record indicates, however, that the district judge reached a sentencing decision after conducting an appropriate evaluation under the dictates of 18 U.S.C. § 3553. The district judge had considered "the nature and circumstances of the offense and the history and characteristics of the defendant," *id*, § 3553(a)(1) and reached a sentence that he concluded was "sufficient, but not greater than necessary, to comply with" statutory purposes, *id.,* § 3553(a).

We do not "examine the weight a district court assigns to various § 3553(a) factors, and its ultimate assessment of the balance between them, as a legal conclusion to be reviewed de novo." *United States v. Smart*, 518 F.3d 800, 808 (10th Cir. 2008). Rather, we defer "to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id.* (internal quotation marks omitted). Mr. Cobos-Chachas' own perception that the sentencing factors compel a more marked variance does not rebut the presumption that his below-guideline sentence is substantively reasonable. The

district court did not abuse its discretion in imposing a sentence of thirty-eight months' imprisonment.

The judgment of the district court is AFFIRMED.

Entered for the Court


William J. Holloway, Jr.
Senior Circuit Judge