FILED
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

**February 8, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

UNITED STATES OF AMERICA,

      Plaintiff–Appellee,

v.

SERGIO APODACA-GARCIA, a/k/a
Sergio Cano-Garcia,

      Defendant–Appellant.

No. 11-1230
(D.C. No. 1:10-CR-00607-LTB-1)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **EBEL**, and **GORSUCH**, Circuit Judges.

Sergio Apodaca-Garcia challenges the substantive reasonableness of his within-

Guidelines sentence. Exercising jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C.

§ 1291, we affirm.

Apodaca-Garcia pled guilty to illegally reentering the United States following a

---

* The case is unanimously ordered submitted without oral argument pursuant to
Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. The court generally disfavors the citation of orders and judgments;
nevertheless, an order and judgment may be cited under the terms and conditions of 10th
Cir. R. 32.1.

conviction for an aggravated felony in violation of 8 U.S.C § 1326(a) and (b)(2). His

presentence report calculated an advisory Guidelines range of 57-71 months. At his

sentencing hearing, Apodaca-Garcia requested a 57-month sentence. After considering

the sentencing factors set forth in 18 U.S.C. § 3553(a), the district court imposed a

sentence of 60 months' imprisonment and 3 years' supervised release. It expressed

concern about Apodaca-Garcia's "history of violent crime" and the possibility that he

might again "be tempted" to reenter the country illegally.

On appeal, Apodaca-Garcia contends that the district court's decision to impose a

five-year sentence was substantively unreasonable. Such claims are subject to a highly

deferential abuse of discretion standard of review. See United States v. Reyes-Alfonso,

653 F.3d 1137, 1144 (10th Cir. 2011). And because Apodaca-Garcia was sentenced

within his advisory Guidelines range, we presume his sentence is reasonable. United

States v. Kristl, 437 F.3d 1050, 1054 (10th Cir. 2006). Apodaca-Garcia may rebut this

presumption by showing that his sentence is unreasonable when viewed against the

§ 3553(a) factors. Kristl, 437 F.3d at 1054. However, "the fact that the appellate court

might reasonably have concluded that a different sentence was appropriate is insufficient

to justify reversal of the district court." Gall v. United States, 552 U.S. 38, 51 (2007).

Apodaca-Garcia points to several factors which, he contends, warrant a lower

sentence: illegal reentry is a nonviolent offense that is harmful primarily in the

aggregate; the United States has been his home since he was a toddler; he experienced a

difficult childhood; he has a history of substance abuse and suicide attempts; and at the

-2-

time of sentencing, he had not committed any non-misdemeanor crimes in over a decade. Although Apodaca-Garcia is an arguably sympathetic defendant, we simply cannot say that the district court acted unreasonably when it imposed a sentence near the low end of his advisory Guidelines range—one a mere three months longer than the sentence Apodaca-Garcia requested. Moreover, some of the sympathetic factors Apodaca-Garcia highlights reinforce the court's conclusions about his likelihood of recidivism. In any event, a 60 month sentence was unquestionably within the realm of choices "rationally available" to the district court. United States v. McComb, 519 F.3d 1049, 1053 (10th Cir. 2007). Accordingly, we defer to the district court's judgment.

Apodaca-Garcia's sentence is **AFFIRMED**.

Entered for the Court

Carlos F. Lucero
Circuit Judge