**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 25, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

v.

KEITH LONNIE ELDERS,

        Defendant-Appellant.

No. 11-6257
(D.C. No .5:09-CR-00073-R-1)
(W.D. of Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.[**]

Keith Lonnie Elders, a North Carolina state prisoner,[1] was sentenced to 120
months' imprisonment and 60 months' supervised release after pleading guilty to
four fraud counts related to check fraud. The sentence represents an upward

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

[1] Elders is currently serving a North Carolina state sentence scheduled to
expire in October 2012. He will be remanded into federal custody to serve his
federal sentence at that time.

variance from the United States Sentencing Guidelines (USSG) range of 57 to 71 months applicable to Elders's criminal history category and offense level. On appeal, Elders claims his sentence is procedurally and substantively unreasonable. We AFFIRM the district court's sentence.

## I. Background

In October 2007, Elders obtained a box of blank checks bearing a bank account number assigned to Oklahoma State University. Elders used the checks to pay for groceries, hotel rooms, phone bills, and a down payment on a car. He opened a savings account with the checks, from which he later withdrew cash. Finally, he sent checks to a variety of acquaintances, including an ex-girlfriend and his estranged son. Many of these checks were rejected as fraudulent, but checks totaling $17,063.84 were actually accepted. Had all Elders's checks been accepted, the total loss to all parties would have been $250,586.61.

Elders was eventually caught and indicted on one count of wire fraud and three counts of possessing and uttering counterfeit securities in violation of 18 U.S.C. §§ 513(a) and 1343. He pleaded guilty to all counts.

Elders' presentence report (PSR) calculated his USSG offense level as 18, and his criminal history score as 25, placing him in criminal history category VI. Based on these totals, his guideline sentence range was 57 to 71 months. The PSR noted that an upward variance from this range might be warranted because many of Elders's prior convictions were excluded from his criminal history score.

At his sentencing hearing, the district court relied on Elders's extensive criminal history, including 47 prior convictions, as grounds for an upward variance. Citing the need to protect society from Elders's almost-constant criminal behavior, the court sentenced him to 120 months' imprisonment and 60 months' supervised release and ordered him to pay restitution.

## II. Discussion

We review a district court's sentencing decisions for an abuse of discretion. *United States v. Huckins*, 529 F.3d 1312, 1317 (10th Cir. 2008). A district court abuses its discretion "when it renders a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable." *United States v. Lewis*, 594 F.3d 1270, 1277 (10th Cir.), *cert. denied*, 130 S. Ct. 3411 (2011). This standard also applies when we consider a sentence outside the guidelines range. *United States v. Muñoz-Nava*, 524 F.3d 1137, 1146 (10th Cir. 2008).

When reviewing a challenge to a sentence, we seek to determine whether the sentence is reasonable. *United States v. Kristl*, 437 F.3d 1050, 1053 (10th Cir. 2006). To make this determination, we first consider whether the sentence is procedurally reasonable—that is, whether the district court properly applied the Sentencing Guidelines. *Id.* We then determine whether the sentence is substantively reasonable in light of the factors listed in 18 U.S.C. § 3553(a). *Id.* at 1055. These factors include "the nature of the offense and the characteristics of the defendant, as well as the need for the sentence to reflect the seriousness of

the crime, to provide adequate deterrence, to protect the public, and to provide the defendant with needed training or treatment." *Id*. at 1053.

## A. *Procedural Reasonableness*

Elders argues his sentence was procedurally unreasonable because his sentencing judge failed to adequately explain his departure from the Guidelines. A sentence is procedurally unreasonable when a sentencing court improperly calculates the guidelines range, treats the Guidelines as mandatory, fails to consider § 3553(a), bases a sentence on clearly erroneous facts, or inadequately explains the chosen sentence, including inadequately explaining a departure from the guidelines range. *Gall v. United States*, 552 U.S. 38, 51 (2007). An explanation is adequate when it allows "for meaningful appellate review" and "promote[s] the perception of fair sentencing." *Id*. at 50. A court must also "provide reasoning sufficient to support the chosen variance." *United States v. Smart*, 518 F.3d 800, 807 (10th Cir. 2008).

The government contends that Elders did not raise this objection before the district court, and thus we are limited to reviewing his claim for plain error. *United States v. Begaye*, 635 F.3d 456, 470 (10th Cir. 2011). Elders contends he preserved this claim for review, but provides no citation to the record supporting his assertion. Our review of the transcript of his sentencing hearing and the record below reveals no such objection. Therefore, we review his claim for plain error. To be plain error, Elders must show "(1) an error, (2) that is plain, which

means clear or obvious under current law, and (3) that affects substantial rights." *Id.* Even if Elders satisfies these criteria, we may correct the error only "if it seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.*

Elders claims the sentencing court's explanation was deficient primarily because the district court did not explain why a sentence of almost double the guidelines range was appropriate, or how it was sufficient but no greater than necessary to achieve the statutory goals of sentencing.

We find no error in the court's explanation, plain or otherwise. The district court judge indicated he was troubled by Elders' 47 prior convictions and 20 prior arrests, which, to his amazement *was the most he had encountered in 30 years on the bench*. This clearly pertains to § 3553(a)(1), the history of the defendant. The judge stated he did not trust Elders, and concluded an upward variance was warranted to protect the public because Elders's criminal history demonstrated that as soon as he was free from jail, he would resume his criminal activities. The district court also indicated that it granted an upward variance based on the seriousness of Elders's offenses, to promote respect for the law, to provide just punishment, and to afford Elders adequate deterrence against future misconduct.

The district court adequately explained its reasoning and provided a basis for us to meaningfully review the substantive reasonableness of Elders's sentence. Thus, the district court committed no procedural error, let alone plain error, in its

explanation of Elders's sentence and its decision to depart from the guidelines range.

### B. Substantive Reasonableness

In considering whether a defendant's sentence is substantively reasonable, we examine "whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." *United States v. Reyes-Alfonso*, 653 F.3d 1137, 1145 (10th Cir.) (internal quotation omitted), *cert. denied*, 132 S. Ct. 828 (2011). A sentencing decision is substantively unreasonable if it "exceed[s] the bounds of permissible choice, given the facts and the applicable law. . . ." *United States v. McComb*, 519 F.3d 1049, 1053 (10th Cir. 2007) (internal quotation omitted).

Elders claims that his sentence is substantively unreasonable because it was based solely on incapacitating him, ignoring the other considerations in § 3553(a). *See Tapia v. United States*, 131 S. Ct. 2382, 2387–88 (2011) (describing the four considerations at play in determining the length of a sentence under § 3553(a)(2) as retribution, deterrence, incapacitation, and rehabilitation). He argues this sentence undermines § 3553(a)'s objective of providing respect for the law and promoting just punishment.

The district court sentenced Elders to 120 months, a 49-month increase. This is a significant increase, but is justified in light of Elders's extensive record. The district court's explanation from the bench, as well as its listed reasons for

the departure, indicate that it considered the sentence necessary not only to incapacitate Elders, but also to deter him from future misconduct. Additionally, the district court indicated in its written explanation of the sentence that the guidelines range under-represented the seriousness of his offenses given his extraordinary criminal history.[2]

Elders's record makes it clear that the lesser sentences he received for prior offenses were ineffective at deterring him from future misconduct. His argument that his criminal history is less serious than it appears because it is just the same offense over and over again only demonstrates that his prior sentences have been ineffective deterrents.[3] This plus the considerations discussed provide compelling reasons in support of the district court's sentence. Accordingly, we conclude the sentence was substantively reasonable, and the district court did not abuse its discretion. *See also United States v. Mateo*, 471 F.3d 1162, 1170 (10th Cir. 2006) (holding an upward variance of 99 months was not an abuse of discretion based on defendant's numerous prior convictions and "demonstrated penchant for

---

[2] There is no indication the district court considered rehabilitation, but a sentencing court need not consider § 3553(a)(2) factors that are not applicable. 18 U.S.C. § 3582(a); *Tapia*, 131 S. Ct. at 2388. The district court indicated rehabilitation was not feasible by stating it believed Elders would resume his criminal activities as soon as he was released from prison, given his demonstrated pattern of behavior over his numerous prior convictions.

[3] His argument also conflicts with numerous decisions holding that repetition of the same or similar offenses is grounds for an upward variance. *See, e.g., United States v. Proffit*, 304 F.3d 1001, 1012 (10th Cir. 2002).

criminality"); *United States v. Mumma*, 509 F.3d 1239, 1245–46 (10th Cir. 2007) (holding an upward variance of 36 months was not an abuse of discretion based on defendant's five prior fraud convictions).

## III. Conclusion

For the foregoing reasons, we AFFIRM the sentence imposed by the district court.

Entered for the Court,

Timothy M. Tymkovich
Circuit Judge