FILED
United States Court of Appeals
Tenth Circuit

January 31, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff–Appellee,

v.

HUGO NUNEZ-TOVAR,

    Defendant–Appellant.

No. 12-6192
(D.C. No. 5:11-CR-00203-D-1)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **O'BRIEN**, and **MATHESON**, Circuit Judges.

---

Hugo Nunez-Tovar appeals his within-Guidelines sentence, arguing it was substantively unreasonable. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

**I**

In September 2009, Nunez-Tovar pled guilty in Oklahoma state court to four

---

[*] After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

charges, including possession of a controlled substance and assault and battery on a police officer. He was sentenced to ten years' incarceration. In December 2009, immigration officials determined that Nunez-Tovar was an aggravated felon present in the United States illegally. He subsequently pled guilty to illegal reentry by a removed alien and aggravated felon, a violation of 8 U.S.C. § 1326(a) and (b)(2).

Nunez-Tovar's pre-sentence investigation report ("PSR") noted that he had been removed five times and had committed numerous crimes after illegally entering the United States. In some instances, Nunez-Tovar was arrested in this country less than a year after having been removed. The PSR calculated an advisory Guidelines range of seventy-seven to ninety-six months' imprisonment.

At his sentencing hearing, Nunez-Tovar requested that the court consider a below-Guidelines sentence, noting his age, his significant eye problems, and the delay in bringing the illegal reentry charge against him. The district court imposed a sentence of seventy-seven months' imprisonment, the low end of the recommended Guidelines range. Nunez-Tovar timely appealed.

## II

On appeal, Nunez-Tovar does not challenge the manner in which his sentence was calculated, but contends that the sentence is substantively unreasonable. We review the substantive reasonableness of a sentence under an abuse-of-discretion standard. See Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Montgomery, 550 F.3d 1229,

1233 (10th Cir. 2008). "A district court abuses its discretion when it renders a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable." United States v. Friedman, 554 F.3d 1301, 1307 (10th Cir. 2009) (quotation omitted). "If the district court correctly calculates the Guidelines range based upon the facts and imposes [a] sentence within that range, the sentence is entitled to a presumption of reasonableness." United States v. Sutton, 520 F.3d 1259, 1262 (10th Cir. 2008) (citation omitted).

Nunez-Tovar asserts three arguments. First, he contends that one of the sentencing factors, the nature of the offense and the history and characteristics of the offender, 18 U.S.C. § 3553(a)(1), supports a downward variance. In particular, he argues that illegal reentry is a "status" offense, and that the majority of his prior convictions occurred several decades ago. However, this Court has consistently rejected the argument that illegal reentry is a non-serious offense meriting a reduced sentence. See United States v. Martinez-Barragan, 545 F.3d 894, 905 (10th Cir. 2008). Nunez-Tovar also claims that the government's delay in bringing charges should have been given greater weight under § 3553(a)(1). Although a district court may consider a delay in bringing charges in varying downward, its failure to do so does not render a sentence unreasonable. Cf. United States v. Sinks, 473 F.3d 1315, 1322 (10th Cir. 2007).

Second, Nunez-Tovar argues that a below-Guidelines sentence would achieve the statutory objectives of § 3553(a) because his age, poor health, and the time left on his state sentence are all likely deterrents to him committing future crimes. He further

-3-

alleges that he will not pose a danger to the public because he will be removed after release. Given Nunez-Tovar's sustained, consistent record of illegal reentry and recidivism, we disagree that this sentencing factor warrants a downward variance. See United States v. Reyes-Alfonso, 653 F.3d 1137, 1145 (10th Cir. 2011).

Finally, Nunez-Tovar claims that a lower sentence is necessary to prevent sentence disparities. See § 3553(a)(6). He contends that, compared to defendants convicted of other crimes within the same sentencing range, he will suffer stricter circumstances of confinement because of his immigration status. However, the unwarranted disparities that the statute seeks to avoid are those "among defendants with similar records who have been found guilty of similar conduct." Id. Nunez-Tovar does not argue that he alone among illegal reentry offenders is subject to the discrepancies he notes. Accordingly, this argument also fails.

## III

**AFFIRMED**.

Entered for the Court

Carlos F. Lucero
Circuit Judge