**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 19, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

SERGIO ALONSO MENDOZA-
HURTADO,

Defendant - Appellant.

No. 14-1434
(D.C. No. 1:12-CR-00438-JLK-2)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **PORFILIO**, **ANDERSON**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination
of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is
therefore ordered submitted without oral argument.

Defendant and Appellant, Sergio Mendoza-Hurtado, appeals the 70-month
sentence imposed on him following his plea of guilty to conspiracy to distribute

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

500 or more grams of methamphetamine, in violation of 21 U.S.C. §§ 841 and 846. Finding his sentence substantively reasonable, we affirm.

We need not detail the facts concerning this case, inasmuch as they support the government's description that Mr. Mendoza-Hurtado "helped negotiate the sale and delivery of 15 kilograms of methamphetamine between a confidential informant in the United States and a supplier in Mexico." Appellee's Br. at 1. Mr. Mendoza-Hurtado himself admits his "role in this offense was to be the intermediary between the source of supply and the buyer." Appellant's Br. at 6. This was Mr. Mendoza-Hurtado's first conviction. He is a Mexican national who has spent most of his life in Durango, Mexico, having entered the United States apparently not long prior to the instant offense.[1]

In anticipation of sentencing under the United States Sentencing Commission, Guidelines Manual ("U.S.S.G."), the PSR calculated an advisory Guidelines sentencing range of 135-168 months, but recommended a below-Guidelines sentence of 72 months. In the plea agreement, both the government and Mr. Mendoza-Hurtado contemplated a sentencing range of 108-135 months. They also acknowledged there was a statutory mandatory minimum sentence of

_____

[1]The presentence report ("PSR") prepared by the United States Probation Office in preparation for sentencing states that "[p]rior to his arrest in the instant offense, the defendant was residing with his wife at an unknown hotel in the Denver metropolitan area for approximately 10 days. They had been renting a home in . . . Durango, Mexico, for approximately eight years. He intends to return to that area upon his release from custody." PSR at ¶ 45; R. Vol. 2 at 25.

ten years, which all parties agreed would not apply due to Mr. Mendoza-Hurtado's eligibility for a safety-valve reduction under 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2. The government then agreed with the PSR's recommendation of a 72-month sentence.

Mr. Mendoza-Hurtado filed a motion requesting a below-Guidelines sentence and, at his sentencing hearing on October 2, 2014, he requested a sentence of time served, which would have amounted to approximately 24 months, based upon his claim that his involvement in the instant offense was limited, he was unaware of the nature of the drugs involved, and his overall situation, as discussed more fully below, compelled a reduced sentence. The government adhered to a 72-month sentence, stating that such a sentence "while a significant departure from whatever the guideline calculation turns out to be, still is appropriate because . . . while not the top of the pinnacle in this case, this defendant certainly was of more culpability than the two individuals who were transporting the methamphetamine on his . . . behalf." Tr. of Sentencing Hr'g at 4; R. Vol. 3 at 21.

The district court determined that the advisory sentencing range was 108-135 months, but sentenced Mr. Mendoza-Hurtado to 70 months, with "credit for time already served on this case which as of today amounts to 730 days [24 months]." Tr. of Sentencing Hr'g at 18; R. Vol. 3 at 35. The district court explained its sentencing decision as follows:

The defendant's motion for sentencing below the guidelines . . . has been granted. The government's motion for a non-guideline sentence has likewise been granted.

And I am trying to come to grips with how to explain something to you. You didn't know about these drugs and what they were when you did this for $2,000, but you did know that you were doing something wrong. You did know that. And when you shake hands with the devil, you don't know where it's going to take you. It's taken you on a long, bad trip.

Id. at 13-14; R. Vol. 3 at 30-31. The court thus indicated its awareness of Mr.

Mendoza-Hurtado's claimed lesser role and lack of awareness of the severity of

his offense. The court then considered other factors:

I appreciate the fact that you have cooperated with the authorities, in particularly that you have tried to save some other people . . . . But the other factors that I am thinking of is the disastrous effects that this has had on your health. Your health and your heart are both broken and this is where we end up.

I also remember vividly the efforts you made and the broken heart that you have because of the difficulties and suffering that were caused to your wife by having her be brought into this terrible experience.

All of those things bring a sense of compassion to my sentencing, but I also have the other side that I have to deal with in sentencing you and that is that we are dealing with amphetamines, a very dangerous drug. And while I understand what your attorney, Mr. Barnard, is saying – and incidentally, he has done an excellent job for you. You were facing more than 10 years imprisonment. He has done a very good job in representing you.

I disagree with his argument about the quality of meth, however, because to me saying you had nothing to do with the quality of the meth tells me one of two things, and that's that you – I don't know whether it speaks well or ill of you. On the one hand, you are acting as a middleman on something that you don't know

-4-

about is a sign of reckless indifference to what it does to other people, so that's not much better than intentionally trying to give people polluted substances.

The other is that, as I have said, your attorney has already accomplished a great deal in avoiding this minimum mandatory sentence and the government has done something in looking at your case in that regard. <u>But here is the thing. I cannot send a message back to Durango that the U.S. laws have no teeth</u>.

<u>Id.</u> at 14-15; R. Vol. 3 at 31-32 (emphasis added). The court then sentenced Mr. Mendoza-Hurtado to a significantly below-Guideline sentence of 70 months, with, as indicated above, credit for time served. This appeal followed.

Mr. Mendoza-Hurtado challenges the substantive reasonableness of his sentence. "[S]ubstantive reasonableness addresses whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." <u>United States v. Damato</u>, 672 F.3d 832, 838 (10th Cir. 2012) (internal quotation marks omitted). We review substantive reasonableness claims for abuse of discretion, <u>id.</u>, "afford[ing] substantial deference to [the] district court[]." <u>United States v. Smart</u>, 518 F.3d 800, 806 (10th Cir. 2008). We find an abuse of discretion only if the district court was "arbitrary, capricious, whimsical, or manifestly unreasonable" when it weighed the "permissible § 3553(a) factors in light of the totality of the circumstances." <u>United States v. Sayad</u>, 589 F.3d 1110, 1116, 1118 (10th Cir. 2009) (quotations omitted); <u>see also</u> <u>United States v. Reyes-Alfonso</u>, 653 F.3d 1137, 1145 (10th Cir. 2011) ("In many cases there will be a range of possible outcomes the facts and

law at issue can fairly support; rather than pick and choose among them ourselves, we will defer to the district court's judgment so long as it falls within the realm of these rationally available choices." (quotations and alterations omitted)).  Furthermore, a sentence below the properly-calculated advisory Guidelines range is presumptively reasonable.  United States v. Balbin-Mesa, 643 F.3d 783, 788 (10th Cir. 2011); see also United States v. Trent, 767 F.3d 1046, 1051 (10th Cir. 2014) (holding that a below-Guidelines sentence is "presumptively reasonable against an attack by a defendant claiming that the sentence is too high").  Mr. Mendoza-Hurtado may rebut that presumption, but "[t]hat burden is a hefty one" under our deferential abuse-of-discretion standard of review.  United States v. Verdin-Garcia, 516 F.3d 884, 898 (10th Cir. 2008).

Mr. Mendoza-Hurtado argues with considerable vigor that the circumstances surrounding his background and condition, including his age, his impoverished and deprived upbringing, his poor health, his lack of a criminal background, his alien status, and his family support, as well as the details regarding his offense of conviction, including his claimed unawareness of the nature of the methamphetamine involved, his cooperation, and the crime's effect on his family, compel a lower sentence.  Nonetheless, as the excerpts above indicate, the district court was acutely aware of all of those circumstances.  It gave him a below-Guideline sentence, and brought a "sense of compassion" in selecting that sentence.  The court clearly weighed the numerous sentencing

factors applicable in this case, and reached a decision which reflected all those factors. We cannot say that the sentence selected is unreasonable. Mr. Mendoza-Hurtado has failed to rebut its presumptive reasonableness.

For the foregoing reasons, we AFFIRM the sentence imposed in this case.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge