FILED
United States Court of Appeals
Tenth Circuit

June 14, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

MIRANDA RENTZ,

      Defendant - Appellant.

No. 16-2211
(D.C. No. 1:15-CR-00618-MCA-1)
(D.N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **BACHARACH**, and **PHILLIPS**, Circuit Judges.
_____

Miranda Rentz pled guilty to one count of involuntary manslaughter and one count of assault resulting in serious bodily injury. The district court imposed an above-Guidelines sentence, which Rentz now appeals as substantively unreasonable. Exercising jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, we affirm.

**I**

On January 17, 2015, Rentz caused a two-car, head-on collision that resulted in the death of John Doe and life-threatening injuries to Jane Doe. Rentz admitted that she had been drinking the day of the accident and that she was taking medication

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

she knew should not be mixed with alcohol. Her blood alcohol content registered as .19 approximately two hours after the crash.

Rentz's husband reported to a criminal investigator that he had received a call from Rentz shortly before the accident in which she was distraught and said something to the effect of, "I'm taking off my seatbelt. Whatever happens, happens." The couple's son, who also heard the phone call, provided a similar account. A witness to the accident stated that Rentz was speeding and crossed into the oncoming lane of traffic in front of the Does' vehicle. And a data recording device recovered from Rentz's vehicle indicates she was traveling at 75 miles per hour, her accelerator was 96% depressed at the time of the crash, and Rentz did not attempt to break. According to emergency personnel who responded to the accident, Rentz asked responders to "let [her] die." Rentz later denied being suicidal on the day of the accident but admitted being upset with her husband and stated that but for his mistreatment, the crash never would have happened.

Rentz was indicted on one count of involuntary manslaughter, in violation of 18 U.S.C. § 1112, and one count of assault resulting in serious bodily injury, in violation of 18 U.S.C. § 113(a)(6). She pled guilty to both charges without a plea agreement. A Presentence Investigation Report ("PSR") calculated Rentz's total offense level at 21 with a criminal history category of I, for an advisory Guidelines range of 37-46 months' imprisonment. Prior to sentencing, the government moved for an upward departure or variance, arguing Rentz acted with extreme recklessness by deliberately crashing her car. It requested that Rentz be sentenced to 96 months.

2

In response to the government's request, the Probation Office filed an addendum to the PSR stating that Rentz's conduct involved "aggravating factors exceeding the typical degree of recklessness present in the heartland of involuntary manslaughter cases" and recommended a two-level upward departure, which would result in a Guidelines range of 46-57 months. Rentz opposed the government's request for an above-Guidelines sentence, arguing that she was not suicidal and did not intentionally cause the accident. She requested a downward departure or variance and a sentence of 24 months.

At sentencing, the government presented evidence regarding Rentz's intent to crash her vehicle. After hearing argument and testimony, the district court announced it would impose a non-Guidelines sentence. It found that "the facts of this case support beyond a reasonable doubt that the defendant was suicidal the day of the incident and she intended to harm herself in a vehicular collision, giving no regard to the other innocent lives who would forever be impacted by such decision." It concluded a variance was warranted in light of the 18 U.S.C. § 3553(a) factors, emphasizing the extreme injuries suffered by both victims and the terrible impact the accident had on the victims' children. In evaluating Rentz's conduct, the court acknowledged that "she didn't take a gun out and shoot anybody," but concluded that "she took a car out, and in wanting to kill herself, then took on to kill someone else and injure someone very, very badly." The district court stated that it would upwardly depart by six levels, for a Guidelines range of 70-87 months. It imposed a sentence of 84 months' imprisonment. Rentz timely appealed.

3

## II

The sole issue presented on appeal is whether Rentz's sentence is substantively reasonable.[1] "[S]ubstantive reasonableness addresses whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." United States v. Huckins, 529 F.3d 1312, 1317 (10th Cir. 2008) (quotation omitted). We review the substantive reasonableness of "all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). For upwardly variant sentences, we "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." Id. at 51.[2] The fact that we "might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." Gall, 552 U.S. at 51.

---

[1] At oral argument, defense counsel raised a series of procedural unreasonableness arguments that were not briefed. We decline to consider them. United States v. Rivera-Nevarez, 418 F.3d 1104, 1112 n.12 (10th Cir. 2005) ("[I]ssues raised for the first time at oral argument are waived."). Rentz also abandoned the position asserted below that she was not actually suicidal on the day of the accident.

[2] The district court at various times stated both that it was varying and departing from the advisory Guidelines range. The government contends that the district court imposed a variance, and Rentz appears to assume the same. Our review of the sentence "hinges" on which method of sentencing the court used. United States v. Alapizco-Valenzuela, 546 F.3d 1208, 1215 (10th Cir. 2008). In this case, it is clear that the district court imposed an upward variance based on the § 3553(a) factors rather than an upward departure based on Chapter Four or Five of the Guidelines. See United States v. Adams, 751 F.3d 1175, 1182 (10th Cir. 2014) (a sentencing court's "imprecision in language is not determinative" if "the record as a whole clearly establishes that the sentence was a variance").

4

Rentz asserts that the district court erred by increasing her sentence based on an improper factor, i.e., her mental and emotional health issues. We reject this framing of the district court's decision. Although the district court discussed Rentz's suicidal state, it did so only in the context of finding she acted with extreme recklessness in purposefully crashing her car.

We have previously held that a district court may impose an upward variance on this basis:

> Even though the involuntary manslaughter Guideline already contemplates reckless conduct and the usual case of drunk driving resulting in death, we nonetheless hold that a district court may still examine the degree of recklessness in a given case to determine whether this factor exists to such an exceptional level it takes the case outside the heartland of usual involuntary manslaughter cases.

United States v. Whiteskunk, 162 F.3d 1244, 1250 (10th Cir. 1998) (quotation omitted); see also United States v. Lente, 759 F.3d 1149, 1165 (10th Cir. 2014) ("We agree that Lente acted with extreme recklessness and that this factor supported an upward variance."). As we explained in Whiteskunk, "[s]ome of the conduct falling within the domain we call 'reckless behavior' is actually closer to mere negligence, while other behavior within the range of recklessness definitely approaches intentional conduct" and thus "it would be unfair not to recognize and accommodate this varying spectrum of culpability whenever possible." 162 F.3d at 1251. The district court permissibly concluded that Rentz's conduct was in the latter category of

5

recklessness, nearing intentional.[3]  And we must defer to the district court's

conclusion that this factor "justif[ied] the extent of the variance."  Gall, 552 U.S. at

51.

Rentz argues that the district court failed to appreciate that her mental health

impairments and suicidal state reduced her ability to recognize the impact of her

behavior.[4]  We are sympathetic to this argument.  Courts have long recognized "that

defendants who commit criminal acts that are attributable to a disadvantaged

background, or to emotional and mental problems, may be less culpable than

defendants who have no such excuse."  Penry v. Lynaugh, 492 U.S. 302, 319 (1989).

We might well have given greater consideration to Rentz's mental health struggles.

But under the deferential standard of reasonableness review, mere disagreement with

the manner in which the district court weighed the § 3553(a) factors is not enough to

reverse a sentence.  Gall, 552 U.S. at 51.  As in Lente, "we cannot say that the district

---

[3] To the extent Rentz challenges the district court's finding that she purposefully crashed her vehicle, she has not shown that finding to be clearly erroneous.  See United States v. Garcia, 78 F.3d 1457, 1462 (10th Cir. 1996) ("We review the factual findings of a district court relating to sentencing issues for clear error.").  Rentz also argues that she did not intend to harm or kill others.  But the relevant finding was that Rentz deliberately crashed her car, which exhibited extreme recklessness, regardless of her lack of intent to harm others.

[4] The Guidelines provide for a downward departure if the defendant suffered from "significantly reduced mental capacity," defined as "a significantly impaired ability to (A) understand the wrongfulness of the behavior comprising the offense or to exercise the power of reason; or (B) control behavior that the defendant knows is wrongful."  U.S.S.G. § 5K2.13 & app. n.1.  The Guideline excludes reduced capacity caused by "the voluntary use of drugs or other intoxicants."  § 5K2.13.  Rentz does not argue that § 5K2.13 applies here.

court abused its discretion in granting limited import to [defendant's] mitigating evidence in light of the entire record." 759 F.3d at 1174.

Finally, Rentz argues that the district court did not explain why it rejected the PSR's recommendation of a two-level increase and did not provide a written reason for its variance. This argument blurs the line between substantive and procedural reasonableness. A district court's failure "to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range"—is considered a procedural, not substantive, error. Gall, 552 U.S. at 51. In certain circumstances, "the very limited nature of the record and the paucity of reasoning on the part of the district court" may "bear on our review of the substantive reasonableness" of a sentence. United States v. Friedman, 554 F.3d 1301, 1312 (10th Cir. 2009). But both the record and the district court's stated reasoning provide us an adequate basis to assess the substantive reasonableness of the sentence imposed.

### III

Because Rentz has not shown that her sentence was outside the "range of possible outcomes the facts and law at issue can fairly support," United States v. Reyes-Alfonso, 653 F.3d 1137, 1145 (10th Cir. 2011) (quotation omitted), we **AFFIRM**.

Entered for the Court

Carlos F. Lucero
Circuit Judge

7