FILED
United States Court of Appeals
Tenth Circuit

November 5, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

     Plaintiff–Appellee,

v.

JUAN MANUEL GAMEZ-TAPIA,

     Defendant–Appellant.

No. 12-2050
(D.C. No. 2:11-CR-01825-WJ-1)
(D.N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **O'BRIEN**, and **MATHESON**, Circuit Judges.

---

Juan Manuel Gamez-Tapia appeals his sentence of eight months' imprisonment imposed following revocation of his supervised release. Gamez-Tapia's counsel moves for leave to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967). Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, we dismiss the appeal and grant counsel's motion to withdraw.

---

[*] After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I

On April 14, 2011, Gamez-Tapia was arrested for illegally reentering the United States. Consequently, the government filed a petition to revoke Gamez-Tapia's supervised release in a prior drug trafficking case. Following a plea colloquy, the district court accepted Gamez-Tapia's guilty plea to violation of the terms of his supervised release. After calculating an advisory Guidelines range of eight to fourteen months' imprisonment, the court imposed a sentence of eight months. Gamez-Tapia filed a timely notice of appeal.

## II

Counsel may seek leave to withdraw if, after conscientiously examining a case, he determines that an appeal would be wholly frivolous. Anders, 386 U.S. at 744. To withdraw properly, counsel must submit a brief highlighting any potentially appealable issues and submit the brief to the defendant. Id. If upon careful examination of the record the court determines that the appeal is frivolous, it may grant the request to withdraw and dismiss the appeal. Id. In this case, counsel sent a copy of the Anders brief to Gamez-Tapia, but Gamez-Tapia has not filed a pro se brief.

Counsel's Anders brief first raises and dismisses the argument that Gamez-Tapia was deprived of his rights under Federal Rule of Criminal Procedure 32.1(b)(2). Because Gamez-Tapia's prior counsel did not make this objection below, we review for plain error. See United States v. Rausch, 638 F.3d 1296, 1299 (10th Cir. 2011). "Plain error occurs when there is (1) error, (2) that is plain, which (3) affects [the defendant's] substantial rights, and which (4) seriously affects the fairness, integrity, or public

– 2 –

reputation of judicial proceedings." Id. at 1299-1300. Rule 32.1(b)(2) entitles a defendant in a revocation hearing to: (a) written notice of the alleged violation; (b) disclosure of the evidence against him; (c) an opportunity to appear, present evidence, and question any adverse witness unless the court determines that the interest of justice does not so require; (d) notice of his right to retain counsel or to request that counsel be appointed if he cannot obtain counsel; and (e) an opportunity to make a statement and present any information in mitigation. Fed. R. Crim. P. 32.1(b)(2).

The record forecloses any non-frivolous argument that Gamez-Tapia was deprived of his rights under Rule 32.1(b)(2). Gamez-Tapia had notice of the petition to revoke his supervised release, which described the evidence against him. The district court afforded Gamez-Tapia the opportunity to appear, present evidence, and cross-examine witnesses. A full hearing was not required because Gamez-Tapia knowingly and voluntarily waived his right to a full hearing. Gamez-Tapia was represented by counsel, and exercised his right to address the court and have his counsel present mitigating information.

Counsel's brief next raises and dismisses the argument that Gamez-Tapia's advisory Guidelines range was improperly calculated. When reviewing the district court's application of the Guidelines, "we review legal questions de novo and factual findings for clear error, giving due deference to the district court's application of the guidelines to the facts." United States v. Munoz-Tello, 531 F.3d 1174, 1181 (10th Cir. 2008) (quotation omitted). However, when a defendant fails to timely object, we review for plain error. See United States v. Poe, 556 F.3d 1113, 1127-28 (10th Cir. 2009).

The record does not permit a non-frivolous argument of plain error. The district court correctly determined that Gamez-Tapia's supervised release violation for illegal reentry has the most serious grade under U.S.S.G. § 7B1.1(b), and correctly determined that this was a Grade B violation. See § 7B1.1(a)(2). And because Gamez-Tapia had a criminal history category of III, his Guidelines range was properly calculated at eight to fourteen months under § 7B1.4.

Counsel's brief next raises and dismisses the argument that Gamez-Tapia's sentence is substantively unreasonable. We review for abuse of discretion. Gall v. United States, 552 U.S. 38, 51 (2007). This review assesses whether "the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." United States v. Reyes-Alfonso, 653 F.3d 1137, 1145 (10th Cir. 2011). Because the district court imposed a sentence properly within the Guidelines range, we presume it is substantively reasonable. See id.

Counsel properly concluded that it would be frivolous to argue that a low-end sentence of eight months is unreasonable in light of the other § 3553(a) factors. The district court noted Gamez-Tapia's criminal history and that he had been granted voluntary departure to Mexico on multiple occasions. The district court thus reasonably held that a sentence within the Guidelines range was necessary to deter Gamez-Tapia from further illegal reentries.

Finally, counsel's brief raises and dismisses the argument that Gamez-Tapia's sentence is procedurally unreasonable because the district court failed to adequately explain its reasons for the sentence under 18 U.S.C. § 3553(c). Because Gamez-Tapia

did not raise this argument below, we review for plain error. See United States v. Ruiz-Terrazas, 477 F.3d 1196, 1199 (10th Cir. 2007). Some cases, including those where a judge imposes a sentence within the applicable Guidelines range, require little explanation. See Rita v. United States, 551 U.S. 338, 356 (2007) (holding that the court adequately explained its reasons under § 3553(c) with respect to the factors set forth in § 3553(a) where the court gave "brief" reasons in response to "straightforward" arguments). The district court explained that the sentence was within the Guideline range, and was sufficient but not greater than necessary to satisfy the goals of sentencing. Even assuming the stated reasons were insufficient under § 3553(c), Gamez-Tapia cannot establish that the district court's failure to elaborate on its reasoning impacted the outcome of his sentencing and therefore affected his substantial rights, as required to show plain error. See Ruiz-Terrazas, 477 F.3d at 1203.

### III

Because we are not presented with any meritorious grounds for appeal, we **GRANT** counsel's request to withdraw and **DISMISS** the appeal.

Entered for the Court


Carlos F. Lucero
Circuit Judge

– 5 –