**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 15, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

  Plaintiff - Appellee,

v.

BRANDON HENRY,

  Defendant - Appellant.

No. 12-1399
(D.C. No. 1:11-CR-00399-REB-1)

D. Colorado

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

---

After examining the briefs and appellate record, this court has determined

unanimously that oral argument would not materially assist the determination of

this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  Accordingly, we

grant the parties' requests and order the case submitted without oral argument.

Brandon Henry pleaded guilty to a single count of bank robbery, in

violation of 18 U.S.C. § 2113(a).  The district court sentenced Henry to a term of

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

imprisonment of 105 months, a sentence within the range set out in the advisory Sentencing Guidelines. On appeal to this court, Henry asserts the sentence imposed by the district court is substantively unreasonable. This court exercises jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, and **affirms** the sentence imposed by the district court.

Pursuant to the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), this court reviews sentences for reasonableness. *United States v. Friedman*, 554 F.3d 1301, 1307 (10th Cir. 2009). "Reasonableness review is a two-step process comprising a procedural and a substantive component." *Id.* (quotation omitted). Henry, however, only challenges the substantive reasonableness of his sentence. "Review for substantive reasonableness focuses on whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." *Id.* (quotation omitted). This court reviews the substantive reasonableness of a sentence under an abuse-of-discretion standard. *United States v. Sells*, 541 F.3d 1227, 1237 (10th Cir. 2008). A sentence is substantively unreasonable only if the district court "exceeded the bounds of permissible choice, given the facts and the applicable law in the case at hand." *United States v. McComb*, 519 F.3d 1049, 1053 (10th Cir. 2007) (quotations omitted). That is, "[a] district court abuses its discretion when it renders a judgment that is arbitrary, capricious, whimsical, or manifestly

unreasonable." *United States v. Haley*, 529 F.3d 1308, 1311 (10th Cir. 2008) (quotation omitted).

> [G]iven the district court's institutional advantage over [this court's] ability to determine whether the facts of an individual case justify a variance pursuant to § 3553(a) (given that the sentencing judge, for example, sees and hears the evidence, makes credibility determinations, and actually crafts Guidelines sentences day after day), we generally defer to its decision to grant, or not grant, a variance based upon its balancing of the § 3553(a) factors.

*Id.* Where, as here, the sentence imposed by the district court is within the properly calculated guideline range, there is a presumption of reasonableness. *United States v. Kristl*, 437 F.3d 1050, 1054 (10th Cir. 2006). This presumption can be rebutted if the defendant shows the sentence imposed is unreasonable in light of the factors set forth at 18 U.S.C. § 3553(a). *Id.*

Henry argues his 105-month sentence is manifestly unreasonable because the district court gave too little consideration to his background and history and too much to his potential to commit crimes in the future. As a result, according to Henry, the district court's within-guidelines sentence violates the "parsimony principle," a requirement that the sentence be "sufficient, but not greater than necessary," to satisfy the purposes of § 3553(a)(2). *See Kimbrough v. United States*, 552 U.S. 85, 101 (2007). Henry's argument in this regard is without merit.

The record reveals the district court carefully considered Henry's difficult life circumstances,[1] but concluded those circumstances did not outweigh the seriousness of his criminal conduct and potential for future criminality. Transcript of Sentencing, Sept. 21, 2012, at 22 ("Mr. Henry, no one should see or suffer what you did as a child, but, by the same token, all of us at some point in our existence are responsible for our conduct, including our criminal conduct and the consequences of that conduct."). In particular, the district court considered it significant that Henry had eighteen convictions between the ages of eleven and twenty-eight and that his previous sentences did not appear to have a deterrent effect. Moreover, the court was clearly concerned Henry's criminal history category underrepresented the danger he posed to the public.[2] *See United States v. Reyes-Alfonso*, 653 F.3d 1137, 1145-46 (10th Cir. 2011) (affirming within-guidelines sentence in similar situation). At base, Henry is asking this court to reweigh the § 3553(a) factors and to impose a shorter sentence. *But see United*

---

[1]The record indicates that when Henry was seven-years-old his father was murdered in his presence. After his father was killed, Henry's mother starting utilizing drugs and was unable to care for him. Henry lived with his grandmother until he was taken away from her because of his behavioral problems and problems with the law. Thereafter, Henry spent time in foster care and mental health facilities. Henry reported that he was abused while in the foster care system.

[2]Three of Henry's adult convictions did not result in criminal history points. Furthermore, criminal history category VI, the most serious criminal history category, requires thirteen points. Henry far surpassed that level, accumulating nineteen criminal history points.

*States v. McComb*, 519 F.3d 1049, 1053 (10th Cir. 2007) ("[I]n many cases there will be a range of possible outcomes the facts and law at issue can fairly support; rather than pick and choose among them ourselves, we will defer to the district court's judgment so long as it falls within the realm of these rationally available choices."); *Gall v. United States*, 552 U.S. 38, 51 (2007) ("The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court.").

Given the record before it, the district court reasonably concluded a sentence at the top of the advisory guidelines range was necessary to protect the public and, furthermore, that the need to protect the public outweighed the factors supporting Henry's request for leniency. Accordingly, the sentence imposed by the United States District Court for the District of Colorado is hereby **AFFIRMED**. Henry's Unopposed Motion to Substitute Counsel Within the Office of the Federal Public Defender is hereby **GRANTED**.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge

-5-