**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 28, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff–Appellee,

v.

GUADALUPE BURCIAGA-
ALCANTAR,

    Defendant–Appellant.

No. 13-3083
(D.C. No. 6:12-CR-10234-MLB-1)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

---

Guadalupe Burciaga-Alcantar appeals following his guilty plea to Possession of a

Firearm by an Illegal Alien in violation of 18 U.S.C. § 922(g)(5)(A).  Burciaga-

---

[*] After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the determination
of this appeal.  See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G).  The case is
therefore ordered submitted without oral argument.  This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed.
R. App. P. 32.1 and 10th Cir. R. 32.1.

Alcantar's counsel moves for leave to withdraw pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967). Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, we dismiss the appeal and grant counsel's motion to withdraw.

## I

Burciaga-Alcantar pled guilty to one count of Possession of a Firearm by an Illegal Alien. A presentence report calculated a total offense level of twelve and a criminal history category of VI, which resulted in an advisory Guidelines range of thirty to thirty-seven months' imprisonment.

Prior to sentencing, the district court issued a letter pursuant to Fed. R. Crim. P. 32(h), stating that it was considering an upward variance. The court initially sentenced Burciaga-Alcantar to sixty-five months' imprisonment, but after he filed a motion to reconsider, the court reduced the sentence to forty-eight months. Burciaga-Alcantar timely appealed.

## II

If an attorney concludes that any appeal would be frivolous after conscientiously examining the case, counsel may so advise the court and request permission to withdraw. <u>Anders</u>, 386 U.S. at 744. Counsel must submit a brief highlighting any potentially appealable issues and submit the brief to the defendant. <u>Id.</u> The defendant may then submit a pro se brief. If the court determines that the appeal is in fact frivolous upon careful examination of the record, it may grant the request to withdraw and dismiss the

appeal.  Id.  In this case, counsel sent a copy of the Anders brief to Burciaga-Alcantar, and Burciaga-Alcantar filed a pro se brief.

**A**

Counsel's Anders brief discusses the substantive reasonableness of Burciaga-Alcantar's sentence.  We "review all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard."  Gall v. United States, 552 U.S. 38, 41 (2007).  Substantive reasonableness addresses whether "the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)."  United States v. Reyes-Alfonso, 653 F.3d 1137, 1145 (10th Cir. 2011) (quotation omitted).  "[A] district court's sentence is substantively unreasonable only if it is arbitrary, capricious, whimsical, or manifestly unreasonable."  United States v. Sayad, 589 F.3d 1110, 1116 (10th Cir. 2009) (quotation omitted).

We conclude that Burciaga-Alcantar's sentence is not substantively unreasonable in light of the § 3553(a) factors.  In considering these factors, the district court noted Burciaga-Alcantar's four prior convictions for Driving Under the Influence of Alcohol ("DUI"), stating that such behavior created a "risk of danger" to the public, and concluding that an upward variance was necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment, and adequately deter further crimes.

Counsel correctly notes that we have previously held that imposing an upward variance due to a history of DUI convictions is not substantively unreasonable. United States v. Valtierra-Rojas, 468 F.3d 1235, 1242 (10th Cir. 2006) (affirming upward variance of thirty-three months); see also United States v. Angel-Guzman, 506 F.3d 1007, 1018-19 (10th Cir. 2007) (emphasizing the seriousness of repeated DUIs in upholding sentence).

Nothing in the record suggests that the district court abused its discretion in varying upward eleven months from Burciaga-Alcantar's Guidelines range based on his history of DUIs. Nor have we uncovered any other potentially meritorious arguments not addressed by counsel in our independent review of the record.

**B**

Burciaga-Alcantar's pro se brief argues that counsel is ineffective for failing to represent him in this appeal. However, in general "[i]neffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal." United States v. Galloway, 56 F.3d 1239, 1240 (10th Cir. 1995). "A factual record must be developed in and addressed by the district court in the first instance for effective review." Id. To the extent Burciaga-Alcantar seeks to raise this issue, it should be pursued on collateral review.

Burciaga-Alcantar also asserts that 18 U.S.C. § 922(g)(5)(A), which prohibits possession of a firearm by an "alien . . . illegally or unlawfully in the United States," is

discriminatory and violates the First Amendment, Second Amendment, Ninth Amendment, and the Commerce Clause. Because Burciaga-Alcantar failed to raise these arguments below, he may not raise these claims on appeal, absent plain error. See United States v. Calderon, 428 F.3d 928, 932 (10th Cir. 2005). But Burciaga-Alcantar does not address the four prongs of plain-error review, see United States v. Gonzalez-Huerta, 403 F.3d 727, 732 (10th Cir. 2005), and instead asserts only conclusory claims of constitutional error. "[E]ven pro se litigants must do more than make mere conclusory statements regarding constitutional claims." Brown v. Zavaras, 63 F.3d 967, 972 (10th Cir. 1995). Regardless, we conclude that any error is not plain: "Federal statutes that classify based on alienage need only a rational basis." United States v. Huitron-Guizar, 678 F.3d 1164, 1167 (10th Cir. 2012), cert. denied, 133 S. Ct. 289 (2012) (rejecting Second Amendment and equal protection challenges to § 922(g)(5)(A)).

### III

Because we are not presented with any meritorious grounds for appeal, we **GRANT** counsel's request to withdraw and **DISMISS** the appeal.

Entered for the Court


Carlos F. Lucero
Circuit Judge


-5-