FILED
**United States Court of Appeals**
**Tenth Circuit**

**February 28, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

THOMAS WILLIAM SIM,

      Defendant - Appellant.

Nos. 13-1208 & 13-1210
(D.C. Nos. 1:01-CR-00007-CMA-1 &
1:12-CR-00083-CMA-1)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **GORSUCH**, and **HOLMES**, Circuit Judges.

Thomas William Sim appeals his sentence following a guilty plea to one count of

bank robbery and a judicial finding that he violated the terms of his previously imposed

supervised release.  Exercising jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C.

§ 1291, we affirm.

---

    * At the parties' request, the case is unanimously ordered submitted without oral
argument pursuant to Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G).  This order and
judgment is not binding precedent, except under the doctrines of law of the case, res
judicata, and collateral estoppel.  The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 32.1.

# I

On February 23, 2012, Sim was released from federal prison in Florence, Colorado, where he had been serving a sentence for bank robbery. That day, he traveled by bus from Florence to Denver and walked into a Wells Fargo Bank a few blocks from the bus depot at 10:42 a.m. He handed a robbery note to the teller, feigning possession of a weapon by holding a toothbrush under his clothing. Later that day, he robbed a second bank in Denver and was arrested at the scene by an off-duty police officer working security at the bank. Sim waived his <u>Miranda</u> rights and confessed to both robberies.

Sim was indicted for two counts of bank robbery in violation of 18 U.S.C. § 2113(a). The government also filed a petition alleging that he violated his supervised release.

On April 27, 2012, Sim entered a guilty plea to one count of bank robbery. He subsequently moved to withdraw the guilty plea and requested a competency hearing. Following a psychological evaluation that revealed no objective evidence of a mental disease or defect rendering Sim incompetent, the district court denied Sim's motion to withdraw the guilty plea. In response to Sim's actions, the government withdrew its recommendation of a reduced Sentencing Guidelines calculation for acceptance of responsibility pursuant to United States Sentencing Guidelines ("Guidelines") § 3E1.1. The Presentence Investigation Report ("PSR") originally recommended a Total Offense Level of 29, including a three-point reduction for acceptance of responsibility. In response to the government's argument that this reduction should not apply, an

addendum to the PSR stated that Sim appeared to meet the requirements of § 3E1.1(a), which provides for a two-level reduction for acceptance of responsibility. The PSR also recommended designating Sim a career offender pursuant to U.S.S.G. § 4B1.1. Sim objected to the government's motion to withdraw support for an additional acceptance-of-responsibility reduction and to his designation as a career offender.

The district court held a hearing on April 29, 2013. At the hearing, it found that Sim had violated his supervised release. It then sentenced Sim for both the bank robbery and the supervised release violations. The district court concluded that it could not grant a third-level reduction for acceptance of responsibility pursuant to § 3E1.1(b) without a request from the government, which had been withdrawn. Exercising its discretion, it granted a two-level reduction pursuant to § 3E1.1(a). It also found that Sim qualified as a career offender under § 4B1.1. The Guidelines recommended a sentence for the bank robbery of 168-210 months' imprisonment, reflecting Sim's Offense Level of 30 and Criminal History Category of VI. Taking into account the factors listed in 18 U.S.C. § 3553(a), the court sentenced Sim to 210 months' imprisonment for bank robbery and 24 months' imprisonment for supervised release violations, to be served consecutively. Sim timely appealed.

## II

Sim raises three challenges to his sentence. He claims that the district court erred when it denied him an additional reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(b). He also argues that the district court impermissibly treated the

Guidelines as mandatory.  Finally, he challenges his sentence as substantively

unreasonable.

**A**

Sim claims on appeal that he was entitled to a third-level reduction for acceptance

of responsibility pursuant to Guidelines § 3E1.1(b).  "Whether the facts of a particular

case warrant a reduction for acceptance of responsibility is a question of fact that we

review under the clearly erroneous standard."  United States v. Dazey, 403 F.3d 1147,

1172 (10th Cir. 2005).  "We review the district court's interpretation and application of

the sentencing guidelines de novo."  United States v. McAlpine, 32 F.3d 484, 487-88

(10th Cir. 1994).  We conclude that there was no error in the district court's denial of the

third-level reduction.

The current version of the Guidelines requires a government motion before a third-

level reduction for acceptance of responsibility can be granted.  See § 3E1.1(b) ("[U]pon

motion of the government stating that the defendant has assisted authorities in the

investigation or prosecution of his own misconduct and by timely notifying authorities of

his intention to enter a plea of guilty, . . . decrease the offense level by 1 additional

level.").  It is undisputed that the government withdrew its § 3E1.1(b) motion in this case,

and therefore the district court lacked the discretion to award the third-level reduction.

Previous versions of the Guidelines did not require a government motion for the third-

level reduction.  See United States v. Moreno-Trevino, 432 F.3d 1181, 1184 n.1 (10th

Cir. 2005).

Although the government may not decline to file a § 3E1.1(b) motion when its decision is "animated by an unconstitutional motive" or "not rationally related to a legitimate government end," Moreno-Trevino, 432 F.3d at 1186 (quotations omitted), Sim fails to show that the government's withdrawal of its motion fit either of these criteria.[1] Because the district court lacked the authority to grant a third-level reduction in the absence of a government motion, we hold that it did not err in refusing to do so.

**B**

Sim alleges that the district court impermissibly treated the Sentencing Guidelines as mandatory. Because he did not raise this objection below, we review for plain error. See United States v. Muñoz-Nava, 524 F.3d 1137, 1147 (10th Cir. 2008). "Plain error occurs when there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. (quotation omitted). We hold that the district court did not err and thus we do not consider the remaining plain error factors.

Sentencing judges are not required to impose a sentence within the Guidelines range, United States v. Booker, 543 U.S. 220, 245 (2005), and a district court commits error when it treats the Guidelines as mandatory, United States v. Labastida-Segura, 396 F.3d 1140, 1143 (10th Cir. 2005). But district court judges are nonetheless required to

---

[1] Sim asserts unconvincingly and for the first time in his reply brief that the government's refusal to recommend the third-level reduction was not rationally related to a legitimate government end. We do not "consider arguments raised for the first time in a reply brief." United States v. Mora, 293 F.3d 1213, 1216 (10th Cir. 2002).

- 5 -

calculate a sentence under the Guidelines, and it is error to calculate the sentence incorrectly. United States v. Kieffer, 681 F.3d 1143, 1164-65 (10th Cir. 2012).

In the case at bar, while calculating the Guidelines range and determining whether Sim qualified as a career offender under § 4B1.1, the district court announced:

> Defendant argues that this Court should exercise its discretion considering that the sentencing guidelines are advisory. It is still not clear to this Court what that actually means; that these sentencing guidelines are advisory to me, because the few times I have tried to read more flexibility into those guidelines, I have been reversed by the Tenth Circuit.

Determining whether a defendant is a career offender requires counting "[a]ny prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense." U.S.S.G. § 4A1.2(e). Sim argued that a sentence that ended in the first half of 1997[2] was barely within the fifteen-year window and encouraged the court to find that he was not a career offender.

The district court did not err in calculating the Guidelines sentence. It was correct insofar as it said that § 4A1.2(e) permits no discretion in calculating a Guidelines sentence. See Kieffer, 681 F.3d at 1164-65. The sentencing court has discretion in whether to impose a sentence within the Guidelines or to deviate from the recommended

---

[2] The parties disagree about the precise end date of Sim's prior sentence. The district court found the sentence fell within the relevant fifteen-year window. We review factual findings underlying Guidelines calculations for clear error, Muñoz-Nava, 524 F.3d at 1146, and can discern no clear error in the district court's factual findings regarding the timing of Sim's 1997 release from custody.

range.  Booker, 543 U.S. at 245.  And the district court in this case recognized that discretion, saying:

> As a result of the United States Supreme Court's rulings in United States v. Booker and United States v. Fanfan, the United States Sentencing Commission Guidelines have become advisory to this court.
> While this Court is not bound to apply those guidelines, it has consulted them and taken them into account along with the sentencing factors identified at 18 United States Code Section 3553(a).

The sentencing judge therefore did not treat the Guidelines as mandatory; instead, she recognized and stated on the record that she was not required to impose a Guidelines sentence.

## C

Sim's final challenge is to the substantive reasonableness of his sentence.  We review substantive reasonableness for an abuse of discretion, Gall v. United States, 552 U.S. 38, 51 (2007), and the factual findings underlying a Guidelines calculation for clear error, Muñoz-Nava, 524 F.3d at 1146.  A properly calculated Guidelines sentence is presumed reasonable.  United States v. Reyes-Alfonso, 653 F.3d 1137, 1145 (10th Cir. 2011).  "The defendant may rebut this presumption by demonstrating that the sentence is unreasonable in light of the other sentencing factors laid out in [18 U.S.C.] § 3553(a)." Id. (quotation omitted).

As we discussed in Part II.B, supra, the district court did not err in calculating Sim's Guidelines range.  To the extent that Sim's argument regarding substantive unreasonableness is based on a claim that the district court calculated the Guidelines

range incorrectly, we reject the contention. Sim does not cite any § 3553(a) factor that shows why his within-Guidelines sentence is substantively unreasonable. Given that he robbed two banks on the day he was released from prison for a previous bank robbery, we are unpersuaded that a sentence at the high end of the Guidelines range is inappropriate.

Sim also suggests that the imposition of a consecutive sentence for his supervised release violations is substantively unreasonable. We cannot agree. In <u>United States v. Contreras-Martinez</u>, 409 F.3d 1236 (10th Cir. 2005), we affirmed the consecutive imposition of a sentence for supervised release violations, holding: "The violation of a condition of supervised release is a breach of trust and, while the sentencing court at revocation takes into account the seriousness of the underlying crime, it is primarily the breach of trust that is sanctioned." <u>Id.</u> at 1241. We conclude that the district court did not abuse its discretion in imposing a sentence for supervised release violations consecutively to Sim's sentence for bank robbery.

### III

**AFFIRMED**.

Entered for the Court


Carlos F. Lucero
Circuit Judge