**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 8, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

RUDOLFO SANCHEZ-MENDOZA,

    Defendant - Appellant.

No. 14-6236
(D.C. No. 5:14-CR-00166-D-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **MURPHY**, and **PHILLIPS**, Circuit Judges.
_____

Rudolfo Sanchez-Mendoza pleaded guilty to one count of illegal reentry. The

district court sentenced him to a within-Guidelines sentence of 54 months. Sanchez-

Mendoza appealed, challenging the procedural and substantive reasonableness of his

sentence. Sanchez-Mendoza's counsel filed a brief under *Anders v. California*, 386

U.S. 738, 744–45 (1967), asserting that no meritorious issues for appeal existed. We

invited Sanchez-Mendoza to respond, but he has not done so. We conclude that any

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

potential grounds for appeal would be frivolous. We grant defense counsel's motion to withdraw and dismiss the appeal.

## BACKGROUND

In March 2014, Oklahoma City police arrested Sanchez-Mendoza for domestic assault and battery with a deadly weapon. Immigration and Customs Enforcement officials determined through fingerprint analysis and database searches that Sanchez-Mendoza had been previously deported as an aggravated felon. Afterward, Sanchez-Mendoza admitted in an interview that he had been previously deported and had illegally reentered the United States.

Sanchez-Mendoza pleaded guilty to one count of illegal reentry after removal from the United States, in violation of 8 U.S.C. § 1326(a). The presentence investigation report calculated the guideline range as 46 to 57 months. The probation office determined this range based on a total offense level of 21 and a criminal history category of III (calculated with Sanchez-Mendoza's earlier convictions for arson, assault, child endangerment, and other crimes).

At sentencing, Sanchez-Mendoza requested a 24-month sentence. He supported his request for a below-Guidelines sentence by claiming a need to help care for his family (including young children), which had recently moved back to Mexico. The government noted that Sanchez-Mendoza had received "quite a bit of leniency" in his

earlier sentences but "progressively . . . [got] more and more violent."[1] R. vol. III at 6. The government also argued that two of the 18 U.S.C. § 3553(a) factors—promoting respect for the law and providing adequate deterrence—weighed against a variance based on Sanchez-Mendoza's repeated offenses.

After hearing from Sanchez-Mendoza, the district court sentenced him to 54 months of imprisonment. It reviewed the § 3553(a) factors and "found in this case that there was no reason to consider a downward departure." R. vol. III at 22–23. The district court declared that Sanchez-Mendoza is "a threat to the community," stating that his "conduct in the past . . . has not only endangered [his] friends and family members closest to [him] but has also endangered the community." R. vol. III at 23. After hearing the district court impose his sentence, Sanchez-Mendoza failed to object to it.

DISCUSSION

Because defense counsel has submitted an *Anders* brief, our task is to "conduct a full examination of the record to determine whether defendant's claims are wholly frivolous." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005) (citing *Anders*, 386 U.S. at 744). "Frivolous means lacking a legal basis or legal merit; not

---

[1] Two examples illustrate this point. In 2002, Sanchez-Mendoza pleaded guilty to first-degree arson, assault and battery with a dangerous weapon, and conspiracy to commit arson. The state court imposed a ten-year sentence but suspended all but six months. In 2010, Sanchez-Mendoza pleaded guilty to child endangerment, driving under the influence, and two other misdemeanors. The state court imposed a seven-year sentence but suspended all but six months of it.

3

serious; not reasonably purposeful." *United States v. Lain*, 640 F.3d 1134, 1137 (10th Cir. 2011).

Defense counsel raises the procedural and substantive reasonableness of Sanchez-Mendoza's sentence as a potentially appealable issue. For procedural reasonableness, we review for plain error because Sanchez-Mendoza did not object on procedural grounds at sentencing. *See United States v. Romero*, 491 F.3d 1173, 1178 (10th Cir. 2007) (requiring a defendant to show "(1) error, (2) that is plain, (3) which affects substantial rights, and (4) which seriously affects the fairness, integrity, or public reputation of judicial proceedings").

There is nothing to suggest procedural error, plain or otherwise. The district court computed the proper advisory-guideline range and considered the § 3553(a) factors. *See United States v. Martinez-Barrigan*, 545 F.3d 894, 898 (10th Cir. 2008). Counsel suggests that the district court insufficiently explained why it rejected Sanchez-Mendoza's request for a 24-month sentence. We disagree. The district court stated that "the Section 3553 factors, carefully considered and taken together, lead to a result entirely in harmony with the application of the guidelines." R. vol. III at 22. In rejecting Sanchez-Mendoza's proposed downward variance, the district court considered his past conduct and noted that he had endangered his family and was a threat to the community. This explanation sufficed. *See United States v. Tindall*, 519 F.3d 1057, 1065 (10th Cir. 2008) ("A one-sentence explanation accompanying a within-guidelines sentence . . . satisfies the district court's duty to impose a procedurally reasonable sentence.").

For substantive reasonableness, we review for abuse of discretion. *Id.* We start by presuming that Sanchez-Mendoza's within-Guidelines sentence is reasonable. *United States v. Reyes-Alfonso*, 653 F.3d 1137, 1145 (10th Cir. 2011). If the facts and law fairly support a range of possible outcomes, "we will defer to the district court's judgment so long as it falls within the realm of these rationally available choices." *Id.* (quoting *United States v. McComb*, 519 F.3d 1049, 1053 (10th Cir. 2007)).

Counsel suggests that the district court imposed an unreasonable sentence because (1) the district court improperly focused on two § 3553(a) factors—promoting respect for the law and providing adequate deterrence—to the exclusion of others (such as providing defendant with educational opportunities and avoiding unwarranted sentencing disparities), and (2) the sentence "is so fundamentally unfair" that it undermines the objectives of promoting respect for the law, rehabilitation, and promoting just punishment. Appellant's Br. at 12–13.

We cannot say that the district court's consideration of the § 3553(a) factors fell outside the realm of rationally available choices. *See Reyes-Alfonso*, 653 F.3d at 1145. The district court did not abuse its discretion when it considered Sanchez-Mendoza's increasingly violent criminal conduct, which left the district court believing that Sanchez-Mendoza was a threat to others and a person likely to commit more crimes. *See id.; see also United States v. Sanchez-Leon*, 764 F.3d 1248, 1268 (10th Cir. 2014) (noting that the district court need not afford equal weigh to each of the § 3553(a) factors). We also cannot conclude that the district court imposed a "fundamentally unfair" sentence. Contrary to Sanchez-Mendoza's assertion, the

5

sentence upholds the statutory objectives of § 3553. As we have noted, "re-entry of an ex-felon is a serious offense." *Martinez-Barrigan*, 545 F.3d at 905. Additionally, as mentioned, Sanchez-Mendoza had received lenient sentences for earlier convictions for violent offenses, including assaults and crimes that endangered others. With good reason, the district court also considered Sanchez-Mendoza a threat to the community. Sanchez-Mendoza cannot carry his "hefty" burden to overcome the presumption of reasonableness of his within-Guidelines sentence. *See United States v. Verdin-Garcia*, 516 F.3d 884, 898 (10th Cir. 2008).

## CONCLUSION

Because Sanchez-Mendoza's appeal presents only frivolous issues, we grant defense counsel's motion to withdraw and dismiss this appeal.

ENTERED FOR THE COURT


Gregory A. Phillips
Circuit Judge

6