FILED
United States Court of Appeals
Tenth Circuit

December 9, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSE RODOLFO CAMPOS-LUCAS,

Defendant - Appellant.

No. 15-1187
(D.C. No. 1:14-CR-00009-REB-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, **MATHESON**, and **PHILLIPS**, Circuit Judges.
_____

Jose Rodolfo Campos-Lucas pled guilty to illegally reentering the United States

in violation of 8 U.S.C. § 1326(a). The district court sentenced him to 18 months in

prison. Mr. Campos-Lucas appeals that sentence. Exercising jurisdiction under 28

U.S.C. § 1291 and 18 U.S.C. § 3742(a), we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. BACKGROUND

In 2005, Mr. Campos-Lucas illegally entered the United States in violation of 8 U.S.C. § 1325. In 2010, he was discovered and removed. Later in 2010, Mr. Campos-Lucas illegally reentered the United States in violation of 8 U.S.C. § 1326(a). He pled guilty and was sentenced to 90 days incarceration, to be followed by one year of supervised release. After serving his 90-day sentence, he was removed.

In 2013, Mr. Campos-Lucas was arrested in Colorado for driving without a license. While he was detained, Immigration and Customs Enforcement lodged an immigration detainer against him for illegal reentry. In April 2014, in the District of Colorado, he pled guilty to illegally reentering the United States. He was sentenced to four months in prison and two years of supervised release, and was removed approximately one month after sentencing. The four-month sentence was below the range of 8 to 14 months suggested by the U.S. Sentencing Guidelines Manual ("Guidelines"). His supervised release conditions prohibited him from entering the United States illegally.

In September 2014, Mr. Campos-Lucas was arrested in Arizona for illegal reentry. He pled guilty and was sentenced to 180 days incarceration. In February 2015, the U.S. Probation Office ("Probation") petitioned to revoke his supervised release in the District of Colorado based on the Arizona conviction. In March 2015, after serving his 180-day sentence, Mr. Campos-Lucas was arrested based upon Probation's petition.

In May 2015, the district court in Colorado held a hearing on Probation's petition to revoke supervised release. Before the hearing, Probation prepared a violation report

and determined that, if Mr. Campos-Lucas's supervised release were revoked, his applicable Guidelines range would be 5 to 11 months based on his Grade C violation of his supervised release condition not to enter the United States and his criminal history category of III. Probation recommended an 8-month sentence with no supervised release. The Government recommended a sentence of 2 months, or time served, because Mr. Campos-Lucas had already served 180 days for the Arizona conviction.

At the hearing, the district court revoked Mr. Campos-Lucas's supervised release and adopted Probation's Guidelines calculation. The court then mentioned its April 2014 sentencing of Mr. Campos-Lucas where he promised not to return to the United States illegally and the district court imposed a sentence below the Guidelines range. The court expressed concern that Mr. Campos-Lucas had broken his promise:

> This is a first in the experience of this Court to have a defendant take such a position and make such a statement under oath only to reenter within such a short period of time after that solemn promise and pledge.
> The conduct here represents and constitutes the ultimate expression of abject disrespect and contempt not only for our federal judicial system generally but this Court in particular.

ROA, Vol. 5 at 17.

The court determined that Mr. Campos-Lucas's violation of the special condition not to reenter warranted a sentence above his Guidelines range:

> The failure of Mr. Campos to follow this simple but significant and serious Court ordered condition of supervised release constitutes an unwarranted and unexcused breach of trust which in these unique circumstances warrants severe punishment.

*Id.* at 18.

The district court then sentenced Mr. Campos-Lucas to 18 months in prison—above the 5-11 month Guidelines range—and 15 months of supervised release.

## II. **DISCUSSION**

Mr. Campos-Lucas asserts his sentence is unreasonable. "[T]his Court reviews sentences for reasonableness, as informed by the 18 U.S.C. § 3553(a) sentencing factors." *United States v. Montgomery*, 550 F.3d 1229, 1233 (10th Cir. 2008); *see also Gall v. United States*, 552 U.S. 38, 51 (2007). This review can consist of two components: procedural and substantive reasonableness. *See Montgomery*, 550 F.3d at 1233. On appeal, Mr. Campos-Lucas challenges only the substantive reasonableness of his sentence.[1] We affirm.

We review a sentence's substantive reasonableness for abuse of discretion, *Gall*, 552 U.S. at 51, assessing whether "the length of the sentence is unreasonable given the totality of the circumstances," *United States v. Haley*, 529 F.3d 1308, 1311 (10th Cir.

---

[1] Mr. Campos-Lucas argues for the first time on appeal that the district court impermissibly relied at the sentencing hearing on "respect for the law," a factor found in 18 U.S.C. § 3553(a)(2), but which is not among the § 3553(a) factors specified in 18 U.S.C. § 3583(e) for district courts to consider when determining a revocation sentence. A court's reliance on an impermissible sentencing factor would be procedural error. *See United States v. Smart*, 518 F.3d 800, 803-04 (10th Cir. 2008). But because Mr. Campos-Lucas did not specifically object on this ground in district court, he forfeited this argument; and because he does not argue for plain error review on appeal, he has waived it. *See Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1131 (10th Cir. 2011) ("[T]he failure to argue for plain error and its application on appeal . . . surely marks the end of the road for an argument for reversal not first presented to the district court.").

2008). "In many cases there will be a range of possible outcomes [that] the facts and law at issue can fairly support; rather than pick and choose among them ourselves, we will defer to the district court's judgment so long as it falls within the realm of these rationally available choices." *United States v. Reyes-Alfonso*, 653 F.3d 1137, 1145 (10th Cir. 2011) (quotations and alterations omitted).

After considering certain § 3553(a) factors and the policy statements in Chapter 7 of the Sentencing Guidelines, a district court may revoke a term of supervised release and impose prison time. *See* U.S.C. § 3583(e)(3); *United States v. Steele*, 603 F.3d 803, 808 (10th Cir. 2010).

Unlike sentences that fall within the recommended Guidelines range, Mr. Campos-Lucas's sentence is not entitled to a presumption of reasonableness because the 18-month sentence exceeds the 5-11 month Guidelines range. *See United States v. Shaw*, 471 F.3d 1136, 1140 (10th Cir. 2006) (holding because a district court's sentencing determination "involved a nonguideline sentence, . . . it was not entitled to such a presumption" of reasonableness). Even so, Mr. Campos-Lucas's sentence "falls within the realm of . . . rationally available choices" and is therefore substantively reasonable. *Reyes-Alfonso*, 653 F.3d at 1145 (quotations and alterations omitted).

Mr. Campos-Lucas argues the district court over-emphasized respect for the law and under-emphasized the applicable § 3553(a) factors, including the nature and circumstance of Mr. Campos-Lucas's offense and his history and characteristics. This argument ignores the district court's specific consideration of the § 3553(a) factors and Chapter 7's statement, found in the introduction to Chapter 7, that "the court should

sanction primarily the defendant's breach of trust" in determining a revocation sentence. U.S. Sentencing Guidelines Manual ch. 7, pt. A, introductory cmt. 3(b) (U.S. Sentencing Comm'n 2014).

> Having considered carefully the nature and circumstances of this violation, which I consider to be very serious, the history and characteristics of Mr. Campos as they have evolved, being cognizant of the need for the disposition to reflect the seriousness of the violation, to provide for just punishment, to promote respect for the law, to protect the public from further crimes of the defendant, to provide adequate deterrence to both the defendant and others similarly situated and inclined, to avoid unwarranted dispositional disparities, and to sanction, to punish, Mr. Campos for this breach of trust inherent to a violation of supervised release, I conclude ultimately that I should vary upward to impose a sentence to the Bureau of Prisons of 18 months, to be followed by an additional term of supervised release.

ROA, Vol. 5 at 20-21.

The district court also noted it previously sentenced Mr. Campos-Lucas to a below-Guidelines sentence, which is a factor a court may consider in determining a sentence for revocation of supervised release. *See* U.S.S.G. § 7B1.4 cmt. n.4 ("Where the original sentence was the result of a downward departure . . . , an upward departure may be warranted.").

Under the totality of the circumstances, including Mr. Campos-Lucas's previous below-Guidelines sentence, the district court did not abuse its discretion in imposing a sentence seven months above Mr. Campos-Lucas's Guidelines range.

## III. **CONCLUSION**

We affirm Mr. Campos-Lucas's sentence.

ENTERED FOR THE COURT,


Scott M. Matheson, Jr.
Circuit Judge